## Baldwin v. The State.

*Indictment for Murder.*

1. *Jurors and juries; competency of witnesses as jurors.*—Persons who have been summoned as witnesses in a criminal case, are not com-

111    11
117   139
111    11
f122   67
111    11
134   455
111    11
e138   16

petent to serve as jurors in such case, and may be challenged for cause.

2. *Same; when defective oath administered to jury no ground for reversal.*—Notwithstanding the fact that the oath administered to a petit jury to try a criminal case does not strictly conform to the oath prescribed by the statute, if the defendant was represented by counsel on his trial, the judgment in such case will not, under the statute, (Code, § 4329), be reversed on appeal to the Supreme Court, unless the record discloses the fact that objection thereto was taken in the trial court.

3. *Charges of court to jury; argumentative charges.*—Argumentative charges should not be given, but the giving of charges of this character which assert correct propositions of law is no ground for the reversal of the judgment.

4. *Same; reasonable doubt.*—A charge in a criminal case, which instructs the jury that they must acquit the defendant, unless the evidence against him "is such as to exclude to a moral certainty every supposition or hypothesis but that of his guilt," is erroneous in that it omitted the word "reasonable" as qualifying "supposition or hypothesis;" but such a use of the word *supposition* in a charge to the jury should be avoided.

5. *Same; freedom from fault in bringing on difficulty; homicide.*—On a trial under an indictment for murder, a charge as to self-defense, which, in reference to defendant's freedom from fault in bringing on the difficulty in which the homicide occurred, only requires that he should be "reasonably free" from fault is erroneous; the law admitting of no qualification of this requirement, but demanding that he should be free from fault in provoking or bringing on the difficulty.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellant in this case was indicted and tried for murder in the first degree, was convicted of murder in the second degree, and sentenced to the penitentiary for ten years.

Under the opinion in this case it is not necessary to set out the facts in detail.

Upon the hearing of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (A.) "Unless the evidence against the defendant is such as to exclude to a moral certainty every supposition or hypothesis but that of his guilt, the jury must acquit him." (B.) "If the jury believe from the evidence that defendant was reasonably free from fault in provoking the difficulty,

[Baldwin v. The State.]

that he shot deceased under such circumstances as to create in the mind of a reasonable man an honest belief that his life was in danger, and that defendant did believe that his life was in danger, and if the jury further believe that the defendant had no other means of escape, and that under these circumstances defendant shot deceased, then he would not be guilty."

The judgment entry, after reciting the arraignment of the defendant and the selection of the jury, then continued: "And the jury thus selected and chosen being duly empannelled and sworn according to law to try the defendant on the indictment in this case, and a true deliverance to make, the court then proceeded to the trial of the defendant on his plea of not guilty," etc.

TOMPKINS & TROY, for appellant.

WM. C. FITTS, Attorney-General, and J. M. and P. W. WHITE, for the State.—1. Among the jurors, a list of whose names was served upon the defendant, was one by the name of Bunkley; this person was a witness in the case, being under subpœnas at the instance of both State and defendant, as such witness in the case. The court in this state of affairs allowed the solicitor to challenge the juror for cause, to which ruling the defendant excepted. There was no error in this conduct of the court, and it was the correct practice.—*Commander v. State*, 60 Ala. 1 ; *Atkins v. State*, 60 Ala. 45.

2. The six charges which were given at the instance of the State, each and all assert old and well acknowledged axioms of criminal law, which it is useless to discuss at length. The charge numbered two, as asked by the State, is sustained by the case of *Dent v. State*, 105 Ala. 14.

The charge "A" asked by the defendant is bad. The law does not deal with mere suppositions and hypotheses. Substantially this same charge has been condemned many times.—*Garrett v. State*, 97 Ala. 18 ; *Yarbrough v. State*, 105 Ala. 43.

The charge marked "B" and asked by the defendant is the same as that passed upon by the court in *McQueen v. State*, 103 Ala. 17 ; and was properly refused.

COLEMAN, J.—The defendant was indicted for mur-

der in the first degree, tried, convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for ten years. The questions reserved do not require any extended discussion of the facts of the case or of the legal questions involved. The first exception is upon the ruling of the court, in allowing the prosecution to challenge for cause the juror Bunkley. The record shows that this juror had been summoned as a witness in the case, both by the prosecution and the defendant. The question is not an open one in this State. It has been directly adjudicated adversely to the appellant.—*Commander v. The State*, 60 Ala. 1; *Atkins v. State, Ib.* 45.

It may be that the oath administered to the jury does not strictly conform to the oath prescribed by the statute, and in the absence of a statute relative to the question, might work a reversal of the cause. Section 4329 of the Cr. Code reads as follows : "No criminal cause taken by appeal to the supreme court shall be reversed because of any defect in the administration of the oath to any grand or petit jury, unless the record in the cause discloses the fact that some objection was taken in the court below, during the progress of the trial, based on such defect; but this rule shall not apply to cases where it appears affirmatively from the record that the appellant did not have the benefit of counsel on his trial in the court from which the appeal was taken." It affirmatively appears from the record that the defendant had the benefit of counsel on his trial.

The remaining exceptions relate to the giving and refusal of instructions to the jury. It may be that some of the charges given at the request of the prosecution, were objectionable as being argumentative, and might have been refused on this account, without error. The giving of an instruction of this character, which asserts a correct legal proposition, is not ground for reversal, as held by us many times. Tested by this rule, we find no error in the giving of these instructions.—*Trufant v. White*, 99 Ala. 526; *Brantley v. The State*, 91 Ala. 47; *McQueen v. The State*, 94 Ala. 50.

Charge "A" requested by the defendant was objectionable in that it omitted the word "reasonable." The law does not require the evidence to exclude "every supposition or hypothesis" but that of the guilt of the de-

fendant, but only such as are reasonable, to justify an acquittal. The use of the word ''supposition'' in an instruction to the jury is not to be commended.—*Blackburn v. State*, 86 Ala. 595 ; *Yarbrough v. State*, 105 Ala. 43 ; *Garrett v. State*, 97 Ala. 18.

Charge "B" requested by the defendant was objectionable and properly refused. To entitle a defendant to an acquittal upon the grounds of self-defense, it is not enough that the jury believe from the evidence, that he was *reasonably* free from fault in provoking or bringing on the difficulty. To be reasonably free from fault only, implies that although the defendant may have been at fault in bringing on the difficulty he may yet avail himself of the right of self-defense. Such is not the law. Whether an act done or words spoken by a party are of a character to provoke a difficulty, and did provoke it, is a fact to be determined by the jury. If they are such as are calculated to provoke a difficulty, and if they give rise to a difficulty, it cannot be said that the party was free from fault.—*McQueen v. State*, 103 Ala. 12.

What has been said covers every exception to be found in the record. We find no error and the judgment must be affirmed.

Affirmed.

