# Sullivan *v.* The State.

*Proceeding to enforce Tax Assessment.*

1. *Taxation; proceeding to enforce assessment on a log-ditch; evidence of ownership of land irrelevant.*—In a proceeding to enforce a tax assessment on a log-ditch, evidence that the person against whom the assessment was made, did not own the land through which the ditch ran, is irrelevant; and it is likewise incompetent to offer in evidence the tax books to show to whom some of the lands through which the log-ditch ran were assessed.

2. *Same; same; owner liable for length of ditch.*—The owner of a log-ditch is liable for taxes on its value per mile for the whole length of the ditch owned by him; and in a proceeding to enforce the assessment of such log-ditch, ·which is described as a certain number of miles long, it is not necessary for the enforcement of the assessment,

that the State should prove that the person to whom the ditch was assessed was the owner of the ditch for its entire length.

3. *Same; same; log-ditch has a separate value subject to taxes.*—A log-ditch has a value, separate and distinct from the lands through which it runs, and is, of itself, a proper subject of taxation, without reference to the land.

4. *Charges to the jury; when properly refused.*—Charges to the jury which are abstract, or so framed as to confuse or mislead the jury, or are not supported by the evidence, are properly refused.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. WILLIAM S. ANDERSON.

The appellant, Martin H. Sullivan, owned certain lands in Baldwin county, Alabama, which were assessed by him for taxes at the valuation of $1 per acre, amounting to $14,113. On July 31, 1895, notice was served upon said Sullivan that the Board of Equalization of said county had raised his assessment of said lands to $1.25 per acre, and that other property of his, viz., 12 miles of log-ditch, at $400 per mile, had been added to the assessment, and that August 24, 1895, had been set for hearing. On the last named date, after a hearing, the Board of Equalization rendered a judgment increasing said assessment to $1.25 per acre for the land, and adding the 12 miles of log-ditch at $400 per mile. From this judgment Sullivan appealed to the circuit court. In the circuit court the following complaint was filed: "Now comes the State by Frank Stone, Jr., county solicitor, and alleges that said assessment herein annexed of $4,800, on twelve miles of log-ditch, together with locks and dams on ditch, flumes and mill dams, is a fair, just and legal assessment." Issue was taken upon this complaint.

D. D. Hall, a witness for the State, testified that the log-ditch in question was worth $400 per mile on the 1st day of January, 1895, the date at which it was assessable, although it had not been operated for 15 or 18 months previous to January 1, 1895. This witnes testified that he did not know if the defendant actually owned the lands through which the ditch ran; that he owned 12 miles of this ditch which ran through his own land and also through lands leased from others. There was other evidence introduced on behalf of the State tending to show the value of the log-ditch; that it was owned by

the defendant; and that he had not returned it in his assessment for taxes.

One Tolan was introduced as a witness for the defendant, and testified that the log-ditch on January 1, 1895 was in bad condition, and that it was not worth more than $200 or $250 per mile; and that he thought the ditch was 8 or 10 miles long.

The defendant introduced one T. N. Jordan as a witness, who testified that he knew the log-ditch in question, that he had authority from M. H. Sullivan to operate a mill, occupy houses, use tools and have other privileges; that he had seen the ditch about January 1st, 1895; that on the 1st day of January, 1895, it had no value; that at places it was filled in with trees, dirt and various obstructions at that time, and that he opened up the ditch, and repaired it in the spring of 1895; and that it took several months to repair it, and it cost about seven or eight thousand dollars; that it was more trouble than to cut a new ditch; that he, the said Jordan was president of the Jordan Lumber Company, and arranged to operate said ditch; that he had to make arrangements with one Hunt and one Tunstall to operate the ditch through their lands; and that the Jordan Lumber Company arranged to get timber off a large body of lands, through which the ditch ran, which lands were known as the railroad lands, and did not belong to M. H. Sullivan, the defendant.

There was other evidence in behalf of the defendant tending to show that the log-ditch was in a very bad condition; some of the witnesses testifying that it was worth nothing on January 1, 1895. The counsel for the defendant thereupon offered the tax book of the county in evidence in order to show who was being assessed for, and who were paying taxes on, the lands on which the said log-ditch was located, and also for the purpose of showing that the valuation of defendant's land had been increased on his assessment for the 1st day of January, 1895. Counsel for the State objected, the court sustained the objection, and counsel for the defendant then and there excepted.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The jury

will find for the defendant." (3.) "If the jury believe the State had not proved that the defendant owned twelve miles of log-ditch on the 1st day of January, 1895, they will find for the defendant." (4.) "The burden of proof is upon the State to show that the defendant owned twelve miles of log-ditch on the 1st day of January, 1895, that was subject to taxation." (5.) "If the jury believe the defendant has been assessed for taxation on lands owned by him on the 1st day of January, 1895, on which the log-ditch is located, then the jury will find for the defendant as to that part of the ditch." (6.) "The burden of proof is upon the State to prove that the defendant owned each and every mile of the twelve miles of log-ditch claimed by the State to be subject to taxation." (7.) "If the jury believe from the evidence that the defendant has not set up any claim to be the owner of twelve miles of log-ditch, and that the State has not proved such ownership, they will find for the defendant." (8.) "In this case the burden of proof means the preponderance of proof in the minds of the jury." (9.) "Opinions, presumptions and thoughts as to claim of ownership are not proof of ownership." (10.) "Authority to operate a mill, occupy house, use tools and other privileges is not authority to operate twelve miles of log-ditch, so as to establish ownership to twelve miles of log-ditch." (11.) "If the jury believe that the defendant has been assessed for all the lands he owns in this county, then it includes every particle of the land, and any other assessment on any particle of the land would be double assessment and unlawful, and in that case the jury would give the defendant the full benefit of the assessment of his lands." (12.) "The jury in this case are to leave out of consideration all other property and improvements but the twelve miles of log-ditch." (13.) "If the jury believe from the evidence that all the property owned by the defendant in this county, on January 1st, 1895, has been assessed, they will find for the defendant." (14.) "The question of ownership is a fact to be proved; and the State can not force ownership upon the defendant, except by positive proof." (15.) "If the jury believe that the log-ditch was not used as a log-ditch for over twelve months previous to January 1st, 1895, then it can not be assessed as property, if it has not been already assessed as part of land assessed."

[Sullivan v. The State.]

There were verdict and judgment for the State, fixing the value of the ditch at $4,800. The defendant appeals, and assigns as error the rulings of the trial court to which exceptions were reserved.

. J. J. SULLIVAN, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.— The tax books are admissible in evidence.—*Birmingham Min. R. R. Co. v. Smith*, 89 Ala. 305.

The fifth charge requested by the defendant was properly refused.—*Sullivan v. State*, 110 Ala. 95.

HARALSON, J.—1. There is nothing in the first assignment of error. The tax book offered by appellant, defendant below, and not allowed to be introduced, was offered to show to whom some of the lands through which the log-ditch—the subject of disputed assessment —ran, were assessed. In order to levy a tax on this ditch, as a proper subject of taxation, it was of no avail to exempt the defendant from taxation on the ditch, for him to show that it ran through the lands of other persons which had been assessed to them. The ditch might well have run through their lands, and this fact, of itself, would not show that it was not defendant's property, liable to be assessed as such. The evidence tended to show that defendant had arranged with such parties to run his ditch through their lands, and that defendant owned the ditch.

2. There was no error in refusing the 3d charge asked by defendant. The witness, Hall, for the State, swore that the ditch was twelve miles long; and another, Tolan, for the defendant, that he did not know positively, but he thought the ditch was eight or ten miles long. The State was entitled to an assessment on the ditch,—if it was defendant's property,—for its value per mile, for whatever length it may have been shown to be,—for twelve or any other length in miles, the jury should find from the evidence, its length was.—1 Greenl. Ev., § 59. For the same reason, charge 4 was properly refused.

3. Charge 5 was an improper instruction. The ditch, independent of the lands owned by defendant, had a value of its own, separate from that of such

[Sullivan v. The State.]

lands, and was, of itself, a proper subject of taxation, without reference to the lands through which it ran.

4. Charge 6 was properly refused. It predicates the right of the State to an assessment, on proof that the defendant owned each and every mile of the twelve miles of the ditch. The proof tended to show without conflict, that defendant was its owner, of whatever length; and even if it had not shown that it was twelve miles long, it would not follow that the State might not assess so much of it as was shown to be defendant's property. For the same reason charge 7 was properly refused. The fact that defendant did not claim to own twelve miles of the ditch, even if shown, which was not done, was not sufficient evidence of itself to disprove his ownership of all or any part of it. He entered no disclaimer of ownership at any time to any part of it, and the proof tended, without conflict, to show, that he was its real owner.

5. Charges 9, 10 and 12 are abstract and tended to confuse and mislead the jury. The evidence of the witness, Jordan, on which the 10th charge is predicated, was that he had authority from defendant to operate a mill, occupy houses, use stools and have other privileges, and that he had leased the ditch from him. He used the ditch, as his evidence showed, for the purposes of his mill, etc. As to the 12th, the evidence is wanting to show that any other property or improvements of defendant were sought to be assessed in connection with, or as part of, the ditch. There was no error in refusing each of the charges.

6. There was no proof that all of defendant's property had been assessed; but it was shown, without conflict, that the ditch had not been. The complaint alleged that the assessment as returned by the assessor was incorrect, in that it failed to assess any value on twelve miles of log-ditch. The plea of defendant was, that the tax assessment rendered by him was correct. The proof without conflict showed that defendant had not returned in his assessment to the assessor said ditch. Charge 13, therefore, was properly refused.

7. As to the 14th charge, it is sufficient to say, that there is no evidence that the State attempted to force ownership of this property on defendant; and the charge was properly refused as being argumentative, and abstract.

[Alexander v. The State.]

The general charge should, of course, not have been given for defendant.

The foregoing covers all the errors assigned.

Affirmed.