[Louisville & Nashville Railroad Co. v. Elliott.]

# Louisville & Nashville Railroad Co. v. Elliott.

## *Injury to Employe.*

(Decided Dec. 16, 1909.    Rehearing denied Feb. 26, 1910.
52 South. 28.)

1 *Evidence; Expert; Competency.*—The question of competency of an expert is for the court, and where a surgeon was afterwards examined by the court as to his competency, the court properly excluded the question put to a physician as to whether or not that particular surgeon was a competent surgeon.

2. *Same.*—A question as to whether or not at a certain time plaintiff was able to walk put to a witness being examined as an expert, called for a fact and its exclusion was proper.

3. *Damages; Instructions.*—Where the averments of earnings actually lost by the plaintiff was capable of exact proof, an instruction on that phase of the case, omitting the word, "reasonably" before the word, "compensate" was not error; the word compensate means equal remuneration, and would not carry with it the authority to award more damages than are proven.

4. *Master and Servant; Injury to Servant; Jury Question; Instructions.*—Where the negligence alleged was that the brakeman allowed the car to be placed so close to another track that injury resulted to him, and there was proof that it was the duty of the yard master to see that a car was not left in a dangerous position, the defendant was not entitled to an affirmative charge because of the absence of evidence as to who placed the car in its dangerous position.

5. *Same.*—Where the negligence alleged in the plea was that the brakeman injured allowed the car to be placed so close to another track that he was injured thereby, and there was proof that it was the duty of the yard master to see that cars were not placed in a dangerous position, it was not error to refuse instructions based on liability for the acts of others in placing the car where it was.

6. *Some.*—A charge which fails to hypothesize that the negligence alleged in the plea on the part of the plaintiff was the proximate cause of his injury, is properly refused.

7. *Same; Duty to Avoid Obstructions.*—Where the action was for injury to a brakeman by being struck by a car placed in dangerous proximity to the track on which he was riding, a charge asserting that plaintiff negligently failed to look out for obstructions and to discover the car which struck him, etc., was properly refused for placing a too high degree of care on the brakeman to look out for obstruction.

8. *Same.*—Where the action was for injury to a brakeman for being struck by a car in dangerous proximity to the track on which

he was riding, a charge asserting that if plaintiff by reasonable diligence could have seen the car which struck him in time to have avoided being struck, and failed to do so, the verdict should be for the defendant, was properly refused; although plaintiff might have been able to see the car, unless he could have discovered that it was so near as to be dangerous he would not be negligent in not avoiding it.

9. *Same.*—In an action for injury to a brakeman for being struck by a car in dangerous proximity to the track on which he was riding, instructions as to the duty of plaintiff to select a safe place to ride, which failed to state that the danger of occupying the place chosen was either known to plaintiff or so obvious as to charge him with notice, were properly refused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Steve Elliott against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

The case made by the complaint is that plaintiff was an employe of the Louisville & Nashville Railroad Company as brakeman on a freight train, and that while the train was passing through the yards another car or obstruction had been left so close to the track that the car on which plaintiff was engaged in his employment "sidewiped" or struck the car or other obstruction, causing the injuries complained of. The allegations of the fifth count as to negligence are that his injuries were proximately caused by negligence of some person in the service or employment of defendant, who had charge or control of the car upon a railway of the defendant; that said negligence consisted in this: That said person negligently allowed said car to be or remain so close to the track of the railway over which the train was running upon which plaintiff was riding that it would not admit of the passage of his body between said car and said train while he was riding as aforesaid without coming in contact therewith, and because thereof, while he was riding as aforesaid, his body did come in contact with said standing car, proximately causing his inju-

ries as aforesaid.  It is also alleged that the person in the service or employment of defendant who had charge or control of the car was unknown to plaintiff.

The defense was contributory negligence; the second count alleging it to be that plaintiff negligently rode in an improper position on the side of the car, without necessity therefor, when he passed the car which struck him.  The third plea alleged that he negligently failed to see that the car that struck him as he was passing it was too close to clear him as he was riding on the side of another car.  The fourth plea alleges the negligence to be that he negligently failed to escape or avoid contact with the car that struck him after he became aware, or after he would by the exercise of reasonable diligence have been aware, of the proximity of the car that struck him to the car he was riding on.

The following charges were given at the request of the plaintiff:  (1) "The court charges the jury that, if they find for the plaintiff, they should give him such damages as will compensate him for all the earnings which the evidence shows he lost by his injuries, as well as all the earnings which the evidence reasonably shows he will lose on account of his injuries in the future, if the jury are reasonably satisfied that he will lose earnings in the future on account of his injuries." (2) "The court charges the jury that, if they find for the plaintiff they should award him such damages as will compensate him for the pain and suffering which he has undergone, and will in the future undergo, on account of his injuries, if the jury are reasonably satisfied from the evidence that he has been caused suffering, and will in future be caused to suffer pain, on account of his injuries."

The following charges were refused to the defendant: (1) and (2) General affirmative charge.  (3) "Unless

the jury believe from the evidence with reasonable certainty that the car was placed where it was when plaintiff was injured by some one who had charge or control of a car on defendant's railway, the jury cannot find for the plaintiff under the fifth count of the complaint." (4) "If the jury believe from the evidence that the plaintiff would by reasonable diligence have discovered that the car which struck him would not clear him as he passed it in time by the exercise of ordinary diligence to have escaped being struck by it, the jury cannot find for the plaintiff." (5 ) "If the jury believe from the evidence that the plaintiff by reasonable diligence could have seen the car which struck him in time to have avoided being struck by it, and failed to see and avoid being struck by it, the jury must find for the defendant." (8) "If the jury believe from the evidence that the plaintiff negligently failed to look out for and to discover the car that struck him, and that such negligent failure on his part proximately contributed to his injury, the jury must find for the defendant." (9) "If the jury are unable to determine from the evidence with reasonable certainty who left the car where it was when plaintiff was struck by it, the jury can find for the plaintiff upon neither the fourth nor the fifth counts." (10) Same as 9, except requiring the finding for the defendant. (11) "If the evidence as to whether the car that struck plaintiff was left where it was when plaintiff was struck by it by a person in defendant's service intrusted with superintendence, whilst in the exercise of superintendence, or by a person in defendant's service in charge or control of the car on its railway, or by a mere fellow servant of the plaintiff, is in equipoise, and the jury are unable to determine from it with reasonable certainty which one of the three so left the car where it struck the plaintiff, the jury must find for the

[Louisville & Nashville Railroad Co. v. Elliott.]

defendant." (12) "If the jury believe from the evidence that the plaintiff at the time he was injured was riding on the side of a moving car, when he could just as well have performed his duty while riding on top of the car, instead of on the side of it, and if the jury believe from the evidence that it was safer to ride on the top than on the side of the car, the jury must find for the defendant." (13) "The plaintiff was required by the law to select the safer way of riding the cars, if there was a safer way than riding on the side of the car, provided the plaintiff could reasonably have performed the duties he was required to perform while riding in such safer way." (15) "If the jury belive from the evidence that the plaintiff at the time he was injured was riding on the side of a moving car without necessity therefor, and that he should have ridden in a safer place, and reasonably have performed his duties in such safer place, the jury must find for the defendant."

The judgment was for the sum of $5.000.

TILLMAN, & BRADLEY & MORROW, for appellant. The court erred in refusing to permit defendant to ask Dr. Lowery if Dr. Pressley was a competent surgeon. Also in refusing to allow Dr. Pressly to testify when plaintiff was able to walk. The court erred in refusing defendant the affirmative charge.—*Tuck v. L. & N. R. R. Co.*, 98 Ala. 150; *L. & N. v. Allen*, 78 Ala. 494; *A. G. S. v. Williams*, 140 Ala. 236. There was evidence to sustain the averment that the person in charge of the car was unknown to plaintiff.—*A. G. S. v. Davis*, 119 Ala. 575. The right of the servant to rely on the presumption that due care has been exercised by the master and his fellow servant does not go to the extent of relieving the servant of the exercise of due care on his part.—*L. & N. v. Mothershed*, 97 Ala. 268; *A. G. S.*

*v. Roach*, 110 Ala. 270. The extent to which he so relies is primarily a question of the jury.—*L. & N. v. Moseley*, 125 Ala. 348; *M. & C. v. Graham*, 94 Ala. 555; *L. & N. v. Bouldin*, 121 Ala. 197; *Southern v. Howell*, 135 Ala. 639; *Western Ry. v. Russell*, 144 Ala. 152. The court also erred in refusing the 6th charge requested by defendant.—Authorities supra. Charges 12, 13 and 14 should have been given.—*L. & N. v. Orr*, 91 Ala. 548; *M. & O. v. George*, 94 Ala. 200; *Bear Creek Co. v. Parker*, 134 Ala. 302. The verdict was excessive.—*Bir. R. & E. Co. v. Ward*, 27 South. 471; *A. G. S. v. Burgess*, 119 Ala. 555.

FRANK S. WHITE & SONS, for appellee. The court did not err in refusing to permit Dr. Lowery to say whether or not Dr. Pressley was a·competent surgeon. —*Bir. R. & E. Co. v. Ellard*, 135 Ala. 433; *Dephue v. The State*, 44 Ala. 32; *Tillis v. Kidd*, 12 Ala. 648. The question as to when plaintiff was able to walk calls for a conclusion of facts.—*Walker v. Walker*, 34 Ala. 469; *Gregory v. Walker*, 38 Ala. 34. Charges 1 and 2 given for the plaintiff were correct.—*M. & E. R. R. Co. v. Gillette*, 92 Ala. 209; *A. G. S. v. Davis*, 119 Ala. 572; *K. C. M. & B. v. Thornhill*, 148 Ala. 235. The defendant was not entitled to the affirmative charge.—*Jones v. K. C., etc., R. R. Co.*, 101 Am. St. Rep. 434; 71 Ark. 1; *K. C. M. & B. v. Burton*, 97 Ala. 252; *T. C. I. & R. R. Co. v. Hayes*, 97 Ala. 206; *Western S. C. & F. Co. v. Cunningham*, 48 South. 109. On these authorities the court properly refused several of defendant's requested charges. It is negligence to allow a car to remain on the side track too near the track to clear employes while engaged in their service.—*K. C. M. & B. v. Burton*, 97 Ala. 248. The servant has the right to assume that the master has done his duty in having the track clear.—

*Jackson L. Co. v. Cunningham,* 141 Ala. 206; *Western Ry. v. Russell,* 144 Ala. 142.

SIMPSON, J.—This action was brought by the appellee against the appellant for damages on account of a personal injury received by the plaintiff while an employe of the defendant. All of the counts of the complaint were elimiated, except the fifth count of the amended complaint, on which the case was submitted to the jury.

During the examination of the witness Dr. Lowery, he testified that a competent surgeon who examined the plaintiff at the time he was hurt would be in a better situation to tell whether the plaintiff had a fractured pelvis than the witness, and that he knew Dr. Pressley. Defendant's counsel asked this witness, "Is he a competent surgeon?" to which question the plaintiff objected, and the court sustained the objection. There is no error in this. Without the testimony of Dr. Pressley, it would be immaterial whether he was competent, or not. He was subsequently examined, and testified as to his medical education and his experience in the practice. It was for the jury to determine what weight to give to his testimony (*Birmingham Ry. & Elec. Co. v. Ellard,* 135 Ala. 435, 447, 33 South. 276), while it was the province of the court to determine his competency to testify as an expert, which the court did, by admitting his testimony (Encyc. Ev. 549; *Coasting Co. v. Tolson,* 139 U. S. 559, 11 Sup. Ct. 653, 35 L. Ed. 270; *R. R. Co. v. Warren,* 137 U. S. 348, 11 Sup. Ct. 96, 34 L. Ed. 681; *Gulf City Ins. Co. v. Stephens,* 51 Ala. 121, 125).

The court holds that there was no error in sustaining the objection to the question to the witness Dr. Pressley, "Was he, at that time, able to walk without a

stick?" as it called for a fact, and not for the opinion of the expert witness. The question suggested by the court was the proper one to be asked.

There was no error in giving charges 1 and 2, requested by the plaintiff. The amount of earnings actually lost by the plaintiff was capable of exact proof, and the charges were not defective by the omission of the word "reasonably" before "compensate." As to the other damages authorized by the first charge, it provides only for earnings which the evidence "reasonably shows," etc., and in the second it is only for pain and suffering which the "jury are reasonably satisfied from the evidence" has been, or will be caused, etc. Moreover, the word "compensate" denotes equal remuneration, and could not carry with it an authority to award more damages than were actually proved.

The appellant claims that the general charge should have been given in favor of the defendant, because there was no proof as to who placed the car in the position of proximity to the track on which plaintiff was moving, and also because the complaint alleges that the person in charge of said car is not known, and that fact is not proved. While it is true that the burden rests on the plaintiff to prove the allegations of his complaint, and while it is true that there is no definite proof as to who placed the car where it was, yet the negligence alleged is in allowing "said standing car to be or remain so close to the track" etc., and there is evidence tending to show that it is the duty of the yardmaster to see that no car is left in such position as to be dangerous to a person on duty on another car moving on the nearby track. It was therefore a matter for the jury to find whether said car had been allowed to remain there as a result of the negligence of the yardmaster.—*Tenn Coal, Iron & R. R. Co. v. Hayes*, 97 Ala. 201, 206, 12 South.

98; *K. C. M. & B. R. R. Co. v. Burton,* 97 Ala. 240, 252, 12 South. 88; *Jones v. K. C. M., Ft. S. & B. R. R.,* 178 Mo. 528, 77 S. W. 890, 101 Am. St. Rep. 434.

The case of *Tuck, Adm'r, v. L. & N. R. R.,* 98 Ala. 150, 12 South. 168, is not analogous to this case. In that case it was shown that it was not an unusual occurrence for a tail bolt to draw out, and that it was one of the usual accidents which might happen, without negligence. In the present case the car could not be placed or left where it was without negligence by some one, and if it was the duty of the yardmaster to see that the cars were not left in such position, the burden rested on the defendant to negative the presumption, by facts showing how the car did happen to be there.

As to the question of knowledge as to who was yardmaster, the case of *Ala. Great So. Ry. v. Davis,* 119 Ala. 575, 588, 24 South. 862, held that the general charge should have been given, because a similar averment was disproved. In the present case the averment was not disproved; but, on the contrary, the plaintiff testified that "they had been changing yardmasters at the time I (he) got hurt. I do not know who it was at that time."

There was no error in the refusal to give charges 3, 9, 10, and 11, requested by the defendant. These charges relate only to the fact as to who placed the car in the position, while, as before stated, the negligence complained of is allowing the car to be and remain in such position, and, if it was the duty of the yardmaster to see that no car was allowed to remain in a position of danger, it matters not who placed it there.

There was no error in the refusal to give charge 4, as it failed to hypothesize that the negligence alleged was the proximate cause of the injury.

[Louisville & Nashville Railroad Co. v. Elliott.]

There was no error in the refusal to give charge 8, requested by the defendant, as it placed a higher degree of care on the plaintiff in the matter of looking out for obstructions than the law or the evidence justifies.

There was no error in the refusal to give the fifth charge requested by the defendant. Although the plaintiff might have been able to "see the car," yet, unless he could have also discovered that it was so near as to be dangerous, he would not be guilty of contributory negligence in not avoiding it.

There was no error in the refusal to give charges 12, 13, and 15, requested by the defendant, "presenting the question as to the duty of plantiff to select the safer place to ride." Said charges failed to state that the danger of occupying the place chosen was either known to the plaintiff, or so obvious as to charge him with notice. In addition, Justice McClellan thinks that plea 2 does not cover the negligent selection charged.

We cannot say that the amount of the verdict is so excessive as to justify this court in setting aside the judgment.

The judgment of the court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.