(79 South. 303)

TUCKER v. STATE. (5 Div. 701.)

(Supreme Court of Alabama. May 9, 1918. Rehearing Denied June 20, 1918.)

1. HOMICIDE ⊜≫294(2) — INSTRUCTIONS — INTENT.

In a murder trial, instructions that intoxication may sometimes rebut the existence of malice, and that a man may be so drunk as to be incapable of entertaining a specific intent or a certain necessary specific intent, was properly refused as misleading.

2. CRIMINAL LAW ⊜≫829(1)—INSTRUCTIONS—INSTRUCTIONS COVERED.

It is not error to refuse instructions as to matters already covered.

3. CRIMINAL LAW ⊜≫1056(1)—REVIEW—NECESSITY OF EXCEPTION.

No reversal will be had for erroneous statements of law in the court's oral charge in the absence of exception.

4. HOMICIDE ⊜≫9—ELEMENTS—INTENT.

In a prosecution for murder, it is not necessary that defendant should have entertained the intent to do an unlawful act, or have his mind fixed upon the unlawful quality of the act he intended to do; it being sufficient that he intended to do what he did, if that was unlawful.

**5. CRIMINAL LAW** ⊂⇒776(5)—INSTRUCTIONS—GOOD CHARACTER—REASONABLE DOUBT.

In a prosecution for murder, an instruction that proof of good character "alone, considered along with other evidence," may be sufficient to generate a reasonable doubt of guilt, was properly refused as confusing.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Lon Tucker was convicted of murder in the first degree, and sentenced to the death penalty and he appeals. Affirmed.

The following charge was given for defendant:

(16) In cases of homicide drunkenness may be material in determining the degree—whether it is murder in the first or second degree. Willfulness, premeditation, and deliberation must concur with malice to constitute murder in the first degree. These involve an inquiry into the state of the mind of defendant at the time of the killing, and, as a consequence, it is proper to inquire whether he was then drunk or sober; and, if drunk, whether the intoxication rendered him incapable of premeditation and deliberation, and if you find he was so drunk as not to be capable of premeditation and deliberation, then you could not find him guilty of murder in the first degree.

The following are the refused charges:

(17) Intoxication may render the accused incapable of forming or entertaining the specific intent which is a material ingredient of the crime of murder.

(18) Voluntary drunkenness may sometimes operate to rebut the existence of malice so as to reduce the grade of homicide or other crime of which malice is the necessary ingredient.

(19) A man may, in many instances, be so drunk as to be incapable of forming or entertaining any specific intention at all.

(15) Before the jury can convict this defendant, they must be satisfied beyond a reasonable doubt that this defendant killed deceased with the intent to commit an unlawful act, and unless the jury believe beyond all reasonable doubt that this defendant was sufficiently sober to form the specific intent, to do an unlawful act, you must acquit defendant.

(24) The court charges you, gentlemen of the jury, that if the defendant has proven to you a good character for himself, that alone, considered along with the other evidence, may be sufficient to generate in your minds a reasonable doubt of his guilt, and justify his acquittal, when, but for his good character, a reasonable doubt would not arise.

Mathews & Mathews, of Bessemer, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAYRE, J. [1-3] This court is unwilling to reverse the judgment in this case on the trial court's refusal of charges 17, 18, and 19, requested by the defendant. It is true these charges are taken from the opinion in King v. State, 90 Ala. 612, 8 South. 856, where it was held that they should have been given. With deference, we entertain the opinion that these charges are open to criticism for the reason that to instruct the jury that drunkenness or intoxication may sometimes operate to rebut the existence of malice, or that a man may in many instances be so drunk as to be incapable of entertaining a specific in-

tent, or may render the accused incapable of forming or entertaining a certain necessary specific intent, is not to instruct the jury in that principle of law upon which courts and juries must proceed in dealing with crime as affected by the drunkenness of the criminal. These charges tended to mislead the jury to the conclusion (charge 17) that the drunkenness or intoxication shown in the particular case, though it was clearly open to the jury to draw widely different inferences as to its extent and effect upon the mental faculties of the accused, was sufficient to require—for to permit in such cases is to require—a finding that accused was incapable of forming or entertaining some undefined specific intent necessary to constitute the crime charged, or (charges 18 and 19) that they might so find for the reason that sometimes or in many cases such finding is proper. But it is not necessary to indulge this criticism of the charges, for the proposition of law which it is assumed defendant wished to get before the jury had full statement in charges 16 and 20 given by the court on his request. Not only so, but the same proposition was laid down by the court in its oral charge to the jury. The court did say that:

"Voluntary drunkenness is no excuse for any crime, * * * and in this case it is not available as an excuse; * * * it neither excuses the offense nor avoids the punishment which the law fixes when the character of the offense is proved."

But no exception was reserved to these statements by the court, and without an exception, calling the court's attention to erroneous statements of law in the oral charge, no reversal can be had on that ground. McPherson v. State, 73 South. 387.[1] The court's statement that "in this case it is not available as an excuse"—and of this mainly defendant now complains—may be justified on strict legal grounds, for a homicide is excusable, strictly speaking, when it is done by misadventure or in self-defense; but aside from that justification, the court is of opinion, upon reading the charge as a whole, that the relevant proposition of law was fairly stated to the jury, and that it cannot be said that the court's oral charge tended to impair or destroy the just and fair effect of charges 16 and 20.

[4] Charge 15, refused to defendant, was subject to criticism and was refused without error. It was not at all necessary to defendant's guilt that he should have entertained the "intent to do an unlawful act," or, to state a possible interpretation of the charge, that he should have had his mind fixed upon the unlawful quality of the act he intended to do. It was enough that he intended to do what he did, if that was unlawful. Moreover, this proposition also was fairly covered by the oral charge and by other charges given for defendant.

[5] Charge 24 was properly refused. The

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 198 Ala. 5.

statement of law to which defendant was entitled on the subject of his proof of good character was accurately and fully made in charge 25 given at his request. The authorities do not support the charge in the exact language in which it was framed. It was obscure and confusing in that evidence of good character cannot at one and the same time be considered "alone" and "along with the other evidence," and, besides, it lays perhaps undue stress upon the particular evidence.

It is too clear for argument that defendant was not entitled to the general affirmative charge. It is clear, also, that the exception reserved on the exclusion of the question to the witness Lee Gates was without merit.

Affirmed. All the Justices concur.