163 So.2d 635

Cornelius MATHENY, Jr.

v.

Walter E. PETERSEN, Jr.

I Div. 80.

Supreme Court of Alabama.

April 16, 1964.

480

Forest A. Christian, Foley and E. G. Rickarby, Fairhope, for appellee.

Collins, Galloway & Murphy, Mobile, for appellant.

COLEMAN, Justice.

This is an appeal by defendant from judgment for plaintiff, on verdict of jury, in an action for personal injury and property damage suffered in automobile collision.

The case was tried on three counts, one for negligence causing personal injury, one for negligence causing damage to plaintiff's automobile, and one for wanton injury to plaintiff's person. Defendant filed pleas of general issue and contributory negligence.

*Plaintiff's Charge 4.*

Defendant asserts that the court erred in giving plaintiff's requested Charge 4 which recites:

"The Court charges the Jury that if the injury sustained by the Plaintiff in this case was such as to aggrevate a previously existing condition which resulted in the loss of function in his hand and arm then you may award damages for said loss of function."

Defendant correctly points out that Charge 4 wholly omits to require that plaintiff's injury be the proximate result of defendant's negligence. More specifically, the charge is an incorrect statement of law because the charge fails to require that, before plaintiff can recover for his injury, defendant's negligence or wrongful act must be the proximate cause of plaintiff's injury. The charge states: " * * * if the injury (to) * * * plaintiff * * * (aggravated) * * * a previously existing condition which resulted in * * * loss of function in his hand and arm * * * you may award damages for said loss of function"; without more. We do not think the law permits a jury to award damages to a plaintiff, and against a defendant, merely because plaintiff receives an injury which aggravates a previously existing condition. To be entitled to recover damages for an injury in an action founded on defendant's negligence or wrongful conduct, as this action is, plaintiff must show that his injury was proximately caused by the negligence or wrongful act of the defendant.

" * * * it may be said that, however negligent a person may have been in some particular respect, he is liable only to those who may have been injured by *reason of such negligence*, as the proximate cause. * * *" Smith v. Alabama Water Service Co., 225 Ala. 510, 512, 513, 143 So. 893.

See also: Western Ry. of Alabama v. Mutch, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316; Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388.

Plaintiff replies that Charge 4 "was taken from Montgomery & Eufaula Railway Co. v. Mallette, 92 Ala. 209, 9 So. 363." Careful examination of the report of the Mal-

lette case has not revealed the charge in that case from which plaintiff's Charge 4 in the instant case was taken. It appears that plaintiff may be referring to parts 7, 8, and 9 of the general charge, given in the Mallette case, which was held to be "unexceptionable" in this connection. Part 7 states, in effect, that if the injury by the railroad aggravated the prior wound, the result is the same as if there had been no prior wound. Part 8 is to like effect. Part 9 is to effect that if the stiffening of plaintiff's arm was caused by the prior injury and not by defendant, this would not defeat plaintiff's right to recover " ' * * * any other damages, if any proven, *if the injury was the result of negligence on the part of defendant.' * * *" (Emphasis supplied.) Part 9 would be more nearly accurate if it were made to read: *"proximate* result of negligence on the part of defendant."

In any event, it does not appear to us that plaintiff's Charge 4 was approved by this court in the Mallette case, and we are of opinion that giving Charge 4 in the case at bar constituted reversible error.

### Plaintiff's Charge 8.

Defendant asserts that the court erred in giving plaintiff's requested Charge 8 which recites:

"Gentlemen of the Jury, if, from the evidence in this case, you find that plaintiff has been permanently injured through the fault of the defendant, as is averred in the complaint, or some one count thereof, and that defendant has failed to prove any of its pleas, then you should give plaintiff substantial damages, and in assessing these damages you should treat the plaintiff with fairness."

Defendant insists that Charge 8 is bad and should have been refused because:

First, it is misleading because it allows the jury to base its finding on "the complaint, or some one count thereof," when there were nine counts filed by plain-

tiff, but trial was had on three counts only. Certainly the jury should not consider counts to which demurrer has been sustained, but the court's oral charge to the jury commences:

"GENTLEMEN OF THE JURY: This case comes to you on a complaint filed by Mr. Petersen against Mr. Matheny, which consists of three Counts—Counts SEVEN, EIGHT and NINE. You will consider only those Counts. You may wonder why Counts SEVEN, EIGHT and NINE. The original complaint consisted of six counts, and that has been amended by filing Counts SEVEN, EIGHT and NINE."

The jury were thus instructed to consider only the three counts on which the case was tried. We are of opinion that defendant's first criticism of Charge 8 is not well taken.

Second, defendant says that Charge 8 uses the word, "find," instead of the words, "reasonably satisfied." The charge might well have been refused because of failure to use the words, "reasonably satisfied," Alabama City, Gadsden & A. Ry. Co. v. Bessiere, 190 Ala. 59, 66 So. 805, but this court has held that neither the giving nor the refusal of such a charge will, as a rule, work a reversal. Calvert v. Bynum, 255 Ala. 172, 50 So.2d 731; Mobile City Lines, Inc. v. Proctor, supra. Defendant's second criticism of Charge 8 does not require reversal.

Third, defendant says:

"This charge further requires that Defendant prove all of his pleas. Again the correct degree of conviction necessary for the Jury is for them to be 'reasonably satisfied' and then it is basic law that only after the Jury has been 'reasonably satisfied' from the evidence that the Plaintiff is entitled to recover does it become incumbent upon the Defendant to prove his plea of not guilty which plea was in issue in this case. This charge is most misleading and confusing in this manner in that it appears that the Defendant must *prove* his plea of not guilty or the general issue while the Jury only 'finds' that the Plaintiff was injured through the fault of the Defendant which is not necessarily the proximate cause of the injury. * * *"

We agree that the charge is misleading. The charge states that "if, from the evidence * * * you find that plaintiff has been * * * injured through the fault of the defendant * * * and that defendant has failed to prove any of its pleas" you should give plaintiff substantial damages. Certainly, defendant is not primarily, if ever, bound to prove the general issue, which was one of his pleas in the instant case, yet the charge may be understood to mean that if defendant has failed to prove any one of his pleas, plaintiff should recover.

The charge is subject to the criticism that it fails to state correctly the burden on defendant as to affirmative pleas. As to those pleas, the charge should state that defendant is required to prove them to the reasonable satisfaction of the jury.

Because Charge 8 is misleading it may be refused without error. Sullivan v. State, 117 Ala. 214, 23 So. 678; Rolston v. Langdon, 26 Ala. 660.

Fourth, defendant argues:

"Charge 8 also requires that if the other elements thereof are met that the Jury 'give Plaintiff substantial damages' the word 'substantial' as used in this charge can have only one logical meaning among the various meanings as given in Webster's Dictionary and that one meaning as here appropriate is 'large'. In requesting the Jury to give substantial damages the Court has invaded the province of the Jury and determined that the damages were large. * * *"

In Black's Law Dictionary, Fourth Edition, West Publishing Company, 1951, page

469, the term, "Substantial damages," is defined as follows:

"Substantial damages

"A sum, assessed by way of damages, which is worth having; opposed to nominal damages, which are assessed to satisfy a bare legal right. Wharton. Considerable in amount and intended as a real compensation for a real injury."

"Compensatory damages," by necessary implication, intends a reimbursement for loss suffered by reason of injury to person or property. Pullman Company v. Lutz, 154 Ala. 517, 45 So. 675, 14 L.R.A., N.S., 907. In the instant case, plaintiff, on proof of the negligence counts, was entitled to compensatory damages.

Under the wanton count, plaintiff would be entitled to punitive damages. This court has said:

"Punitive damages, being apart from compensation, are not recoverable as a matter of right. Their imposition is discretionary with the jury. Louisville & Nashville Railroad Co. v. Bizzell, 131 Ala. 429, 30 South. 777; 12 Am. & Eng. Ency. p. 51, and cases cited in notes to the text. And this discretion is not an unbridled or arbitrary one, but a legal, sound, and honest discretion; and, after instructing the jury in respect to the elements which must be found to exist to warrant the assessment of such damages, in submitting to the jury the question of imposing punitive damages, the court should always safeguard the submission with such instructions as that the jury will not be misguided, but will be held mindful, in fixing such damages, that they should act with due regard to the enormity or not of the wrong, and to the necessity of preventing similar wrongs, and that, if such damages are imposed, they should be in such an amount (much or little) as, under all the circumstances attending the commission of the wrong, the exigencies of the case, in

the sound judgment and discretion of the jury, may demand, in no event to exceed the amount claimed in the complaint. * * *" Coleman v. Pepper, 159 Ala. 310, 313, 314, 49 So. 310.

In the instant case, the amount to be awarded for punitive damages, "(much or little)," was discretionary with the jury, under the applicable rule. For the court to say that the jury "should give plaintiff substantial damages" appears to us to invade the province of the jury.

Plaintiff replies, and correctly so, that Charge 10, given for plaintiff, in Louisville & Nashville R. R. Company v. Lile, 154 Ala. 556, 45 So. 699, is substantially the same as plaintiff's given Charge 8 in the case at bar. In the Lile case, this court said:

"The criticism indulged against charge 9 is wholly inapplicable to it. Counsel must have had in mind written charge 10. But the criticism, if applied to the latter charge, can avail nothing. The most that can be said against it is that it is argumentative. The giving of it was not reversible error. Bray v. Ely, 105 Ala. 553, 17 South. 180; Karr v. State, 106 Ala. 1, 17 South. 328; Baldwin v. State, 111 Ala. 11, 20 South. 528." (154 Ala., at page 564, 45 So., at page 702.)

We have not been able to ascertain what was the nature of the criticism directed against charge 10 in the Lile case. The cases cited by the court appear to state, as here pertinent, merely that, in our practice, the giving or refusal of argumentative instructions rests largely in the discretion of the trial court, which is not revisable on error. Bray v. Ely, supra. It does not appear that the objections in the Lile case are the same objections made in the instant case. We are of opinion that the defendant's fourth criticism of the instant Charge 8 is well taken and that, on another trial, the charge should not be given using the word, "substantial," to describe damages.

*Plaintiff's Charge 5.*

■ If plaintiff's given Charge 5 be misleading, defendant could and should have requested explanatory charges. Whaley v. Sloss-Sheffield Steel & Iron Co., 164 Ala. 216, 51 So. 419. This charge is the same as charge 1 which was given for the plaintiff and approved in Mobile Light & R. Co. v. Thomas, 16 Ala.App. 629, 80 So. 693.

*Plaintiff's Charge 7.*

Plaintiff's given Charge 7 is the same as plaintiff's given Charge 1, which was approved in Alabama Great Southern R. Company v. Burgess, 114 Ala. 587, 22 So. 169. Defendant argues that giving the charge in the instant case was error because the charge ignores the plea of contributory negligence. We are of opinion that defendant's criticism is not well founded and, that the court did not err in giving Charge 7.

*Plaintiff's Charge 10.*

■ Plaintiff's given Charge 10 recites:

"The Court charges the Jury that if they find for the plaintiff and find that he is permanently disabled that they should determine to what extent this disability will effect his earning capacity and may award damages as will compensate him for his loss of earning during the remainder of his natural life."

Defendant says that this charge is an incorrect statement of the law because, among other things, the charge states that if plaintiff is permanently disabled, the jury should determine to what extent the disability affects his earning capacity and award damages for the future loss of earnings, without requiring the jury to find that defendant's negligence or wrongful act was the proximate cause of the disability. The charge does not limit the damages which the jury may award to damages resulting from a permanent disability proximately caused by defendant's negligence or wrongful act. As already stated with respect to plaintiff's given Charge 4, plaintiff must show that his injury was proximately caused by defendant's negligence or wrongful act as alleged in the complaint. Charge 10 fails to require this.

This failure is of significance in the instant case. Dr. Tucker, referring to the plaintiff, testified:

"A. Well he has been a puzzling problem. He had a stab wound of the heart in 1942. The wound was directly into the heart muscle and he was hospitalized for one year for this condition. And he has an abnormal electrocardiogram *dur* to the scar. He has had poor health since I have known him. There is a whole lot wrong with him that medical science hasn't been able to figure out and which I am absolutely convinced that it is organic. In other words, this is not just something he dreams up, this man is a sick man and has been for a long time. He says that since this stab wound in the heart which he had he has had a terrible time, he hasn't been too well but he has been able to— let's see now, he has had multiple fractures of the cervical spine, dorsal spine, wrists, hips and toes.

"Q. Now hold it just a second, please, sir, on that. Now are you referring to there when he has had those fractures, is that before the time of this accident?

"A. Yes, that was before September the 15th, 1959, he gave this history to Dr. Paddison. And he had—

"*  *  *

"Q. Were you able to determine anything that had worsened his condition as a result of the accident as distinguished directly from something that—as his condition was such as it was to say that that was definitely caused by the accident?

"A. I don't know. That is a complicated question. I don't—It is very difficult for me to decide just the significance of this accident. He was a sick man with a tremor and many illnesses before the accident and he seemed to be considerably worsened after the accident. I don't know whether or not it was due to the natural course of his illness or the accident, I couldn't say."

This evidence presented a question for the jury whether plaintiff's injury, or a part of it, was proximately caused by the collision or by some previously existing cause.

The jury could find, on the evidence of this case, that plaintiff was entitled to recover for some injury proximately caused by defendant, and could further find that plaintiff was permanently disabled but that his permanent disability was not proximately caused by defendant but proximately resulted from other causes.

We are of opinion that giving Charge 10 was reversible error.

Plaintiff says that his Charge 10 was approved in Louisville & Nashville R. Company v. Elliott, 166 Ala. 419, 52 So. 28. We assume that plaintiff is referring to charge 1 given for plaintiff in that case, but charge 1, in that case, does not mention permanent disability, and it does not appear that plaintiff, in that case, had suffered previous injury as he had in the instant case. "That which is law as applied to the facts of one case may not be the law as applied to the facts of some other case"; Sheffield Company v. Harris, 183 Ala. 357, 371, 61 So. 88; which appears to be another way of saying: "Out of the facts, the law arises."

### Plaintiff's Charge 2.

We are of opinion that plaintiff's Charge 2 is not bad for ignoring the issue of contributory negligence or for referring to the injuries and damages claimed in the complaint. It is the same as plaintiff's given Charge 3, which was approved in Louisville & Nashville R. Company v. Wilson, 162 Ala. 588, 50 So. 188.

It is true that charges should hypothesize facts relied upon as a defense, (elements of damage), and not require the jury to examine and consider the plea (complaint) in order to determine what is meant by such charges; but, the giving of such a charge does not constitute reversible error. Nelson v. Lee, 249 Ala. 549, 560, 561, 32 So.2d 22.

### Plaintiff's Charge 3.

We are of opinion that plaintiff's given Charge 3 is not bad for failure to refer to proximate cause. If the jury find for the plaintiff on the ninth count, they must have already decided that defendant had willfully or wantonly injured the plaintiff. Giving of this charge as part of the oral charge was held not to be reversible error in Sheffield Company v. Harris, supra, subdivision (d) of section 3 of the opinion. Giving plaintiff's Charge 3 was not error in the instant case.

### Oral Charge.

No exception was reserved to the oral charge. Without an exception calling the court's attention to erroneous statements of law in the oral charge, no reversal can be had on that ground. Tucker v. State, 202 Ala. 5, 79 So. 303.

Other questions argued will probably not arise on another trial.

For error in giving plaintiff's requested Charges 4 and 10, the judgment is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.