Richard A. **MADER** and Ena Mader, husband and wife, Appellants (Plaintiffs below),

v.

Gladys **STEPHENSON**, Appellee (Defendant below).

No. 4625.

Supreme Court of Wyoming.

Aug. 13, 1976.

Richard A. Mader, pro se.

Stuart S. Healy, of Kennedy & Healy, Sheridan, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

Plaintiffs-appellants were awarded a judgment against defendant-appellee in the sum of $1000 with interest from October 11, 1973, the date of the contract, in the sum of $143.86, for a total of $1143.86.

We shall take appellants' words to describe the scope of their appeal: "From this judgment the Plaintiffs have appealed the second finding which denied damages." The second finding mentioned is as follows:

> "That while the Defendant's failure to pay the $1,000.00 was unjustified, her actions were not such as to permit recovery of punitive damages."

In their brief they assert and argue the right to recover certain general items of damage, being $500 as the amount of the fee paid to their attorney for prosecuting this action, and also a claim for $212, being for air transportation to return from Kentucky for the trial, and a $500 estimate of the costs for the time spent in travel, for telephone calls, and various expenses in what they style the "pursuit of justice," and a claim for punitive or exemplary damages in an amount not mentioned in the brief but as set out in the complaint as $2000.

Absent statutory authority, or contractual agreement, attorney fees are not recoverable by a party, *Werner v. American Surety Company of New York*, Wyo., 423 P.2d 86, 88–89; *Housley v. Tobin*, 41 Wyo. 419, 286 P. 383, 385; *Brown v. Citizens' Nat. Bank of Cheyenne*, 38 Wyo. 469, 269 P. 40, 43; nor are travel expenses in connection with the suit recoverable, *Brown*, supra. There is no statutory provision for recovery of travel expenses or

time for preparation of a lawsuit. Any recovery for costs is purely statutory, *Wyoming Central Irr. Co. v. LaPorte,* 26 Wyo. 522, 188 P. 360, 362; *Mader v. Stephenson,* Wyo., 481 P.2d 664, 665–666.

 In examining the question of punitive damages, appellants are not assisted by the finding that the failure to pay the amount due was unjustified. That finding is implicit in every finding on a contract where judgment is entered. Although there are several obvious reasons which would require affirmance of this judgment so far as it denies appellants exemplary or punitive damages, it would be improper to discuss them because of one overwhelming reason. There is no right in any party to punitive damages, *Malco, Inc. v. Midwest Aluminum Sales, Inc.,* 14 Wis. 2d 57, 109 N.W.2d 516, 520; *Syester v. Banta,* 257 Iowa 613, 133 N.W.2d 666, 675; *Simmons v. Jones,* Mo.App., 361 S.W.2d 860, 865. Phrased in another manner, which would dictate the same result, an award of such damages is optional or solely in the discretion of the fact finder, *Sunset Acres Motel, Inc. v. Jacobs,* Mo., 336 S.W.2d 473, 483; *Bridges v. Alaska Housing Authority,* Alaska, 375 P. 2d 696, 702–703, and authorities noted; *Matheny v. Petersen,* 276 Ala. 478, 163 So.2d 635, 638; *Triton Insurance Underwriters, Inc., v. Committee on Chiropractic Welfare,* 232 Cal.App.2d 829, 43 Cal.Rptr. 504, 505–506, and cases cited. It may be noted that some of the above citations join both these rules or statements in arriving at this result. Therefore, when the trial court as the fact finder does not award punitive damages, an appellate court cannot change such finding or remand it for determination.

 We are required by Rule 72(k), W.R.C.P., to determine whether there was reasonable cause for the appeal and if we cannot so certify to tax as part of the costs a reasonable fee of not less than $25 nor more than $300 to the counsel of the appellee, and further to adjudge to the appellee damages in such sum as may be reasonable, not exceeding $500. We have found nothing in this record justifying the conclusion that there was reasonable cause for the appeal and therefore direct the clerk to tax as costs herein the sum of $150 as counsel fees for the appellee, and $50 as penalty and damages to the appellee.

Affirmed.