# Dennis v. The State.

## Indictment for Murder.

1. *Evidence; admissibility of evidence as to the testimony of absent witness; when proper predicate not laid.*—When a witness who testified on the former trial of a pending case is absent, and for the purpose of laying a predicate for the introduction of the testimony of such absent witness, another witness testifies that he knew said absent witness and lived in the same section of the county with him, that he had learned that he had left the State and had not seen him since a certain night several months before the pending trial, and that on the night referred to the absent witness executed in his presence a conveyance of his homestead, and said that he was going the next day to Arkansas, such testimony is not a sufficient predicate for the admission of evidence of what the absent witness testified on the former trial.

2. *Same; same; error without injury.*—The erroneous admission in evidence of what an absent witness testified at the former trial on an insufficient predicate is error without injury, when later in the progress of the trial it was shown, without conflict, that such absent witness was out of the State and resided in another State.

3. *Homicide; defendant must be free from fault in bringing on the difficulty.*—In order to successfully invoke the plea of self-defense on a trial under an indictment for murder, the defendant must be free from fault in bringing on the difficulty, and the law admits of no qualification of this requirement; and a charge which instructs the jury that if there exists the other elements of self-defense, and the defendant was "reasonably free from fault in bringing on the difficulty" which resulted in the homicide, they must acquit the defendant, is erroneous.

4. *Same; charge to the jury.*—Where, on a trial under an indictment for murder, there is evidence tending to show that the deceased was killed while lying in bed unconscious of his danger, a charge which instructs the jury that "there is no evidence in this case that Dennis (the defendant) provoked or encouraged the difficulty," with the deceased, is misleading.

5 *Charge to the jury; unnecessary to repeat when already substantially given.*—There is no error in the court's refusal to

[Dennis v. The State.]

give a charge where all the benefit defendant could derive
from such charge is embodied in another charge which was
given.

6. *Homicide; when charge as to presumption of malice from use
of deadly weapon erroneous.*—Where, on a trial under an in-
dictment for murder, there is evidence tending to show that
the defendant shot and killed the deceased while the latter
was lying in bed unconscious of defendant's purpose, a
charge which instructs the jury that "in this case there is no
presumption of malice from the use of a deadly weapon," is
erroneous.

7. *Charge to the jury; reasonable doubt.*—In a criminal case
a charge which instructs the jury that "it would be a legal
wrong to convict a man whose guilt is in doubt," and that the
demands of society and the good of the country do not re-
quire or sanction the conviction of a man whose guilt is not
proven to a moral certainty, is not only argumentative, but
erroneous, since there may be some doubt of the man's guilt,
not amounting to a reasonable doubt.

8. *Same; weight of testimony given by defendant.*—In a crim-
inal case. where the defendant has testified as a witness in
his own behalf, a charge which instructs the jury that the
"defendant is a competent witness in his own behalf, and it is
your duty to give it such weight as you think it is entitled,
in connection with all the evidence, if any, which tends to
corroborate his statements," is erroneous, in that it requires
the jury to weigh the defendant's testimony in connection
with all the testimony tending to corroborate his statements,
instead of in connection with all the testimony in the case.

9. *Homicide; instruction on circumstantial evidence.*—Where, on
a trial under an indictment for murder, the *corpus delicti*
is clearly established, and the defendant's confessions, if be-
lieved, would alone be sufficient to require a conviction, and
the circumstances adduced were additional proof of his guilt,
instructions to the jury upon circumstantial evidence are
properly refused.

10. *Charge to the jury; sufficiency of evidence.*—In a criminal
case, a charge which instructs the jury that "the State is
bound to prove every material fact necessary to constitute
the guilt of the defendant, fully, clearly, conclusively, sat-
isfactorily and to a moral certainty; and if, on the whole evi-
dence adduced, the jury can not say that they have an abid-
ing conviction to a moral certainty of the guilt of the defen-
dant, the jury are bound to give him the benefit of that doubt
and acquit him, is erroneous and properly refused, as being
calculated to impress the jury with the belief that they must

[Dennis v. The State.]

be satisfied of the guilt of the defendant beyond all doubt before they can convict.

11. *Same; same.*—On trial under an indictment for murder, a charge which instructs the jury that "it is the duty of the jury to consider the evidence tending to show a justifying motive, in connection with the other evidence in the case, and if they are in reasonable doubt of his guilt they should acquit him," asserts a correct proposition, and its refusal is error.

12. *Error without injury; construction of statute.*—The statute which requires that a judgment of conviction in a criminal case must not be reversed because of error, when the appellate court is satisfied that no injury resulted therefrom, (Cr. Code of 1896, §4333), when applied to the refusal to give a charge requested by the defendant, must be construed to mean that the court must be satisfied that the verdict of the jury would not have been different if the charge had been given; and if not so satisfied, the judgment of conviction must be reversed.

APPEAL from the Circuit Court of Jackson.

Tried before the HON. J. A. BILBRO.

The appellant, Joel T. Dennis, was indicted and tried for murder, was convicted of manslaughter in the first degree and sentenced to the penitentiary for a term of seven years.

The evidence for the State showed that the defendant killed William D. Cunningham, in Jackson county, before the finding of the indictment. The State introduced several witnesses who testified that the defendant voluntarily confessed that he killed said Cunningham. It was shown that after killing Cunningham, defendant threw his body in the river near by. There was evidence on the part of the State tending to show that at the time the defendant fired the fatal shot, Cunningham was lying in bed unconscious of his danger.

The defendant, as a witness in his own behalf, testified that he killed the said Cunningham by shooting him in self-defense; that while he and Cunningham were sleeping together in the same room, Cunningham woke him up and tried to borrow money from him, and upon his refusing to lend it to him, the deceased became infuriated, and started towards him with a drawn knife, and that he then fired once upon Cunningham, which shot killed him.

The bill of exceptions recites that during the examination of the State's witnesses, "For the purpose of laying a predicate for the introduction of the evidence of Thomas Davis, an absent witness and who was examined as a witness on a former trial of this case, the State introduced S. G. Grimmett, who testified that he knew Thomas Davis, and lived in the same section of the county where Davis lived; that he learned Davis had left the State, and had not seen him since one night last Spring; that Davis called at his house in the night last Spring, and executed a deed of conveyance to his homestead, and said that he was going to start the next day to Arkansas; that he feared he would be mobbed, and was going to leave and would start the next day. Upon this testimony the State offered the testimony of said Davis given on the former trial of this case." To the introduction in evidence of what Davis testified on the former trial, the defendant objected upon the grounds that no sufficient predicate had been laid for the introduction of secondary evidence of such testimony, and that the statements made by the witness Grimmett were not legal or sufficient evidence for such a purpose. The court overruled the objection, allowed the introduction of the secondary evidence, and the defendant duly excepted. Later on in the progress of the trial, it was shown without conflict that said witness, Thomas Davis, had left the State about the time testified to by said witness, Grimmett, and that he was then in the State of Arkansas.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If W. D. Cunningham made an attack upon Joel T. Dennis with a knife under such circumstances as to make Dennis reasonably believe he was in danger of his life, or of serious bodily harm, and that he, Dennis, was reasonably free from fault in bringing on the difficulty or danger, and in that situation, he fired the fatal shot, then the jury should acquit the defendant." (2.) "If W. D. Cunningham made an attack upon Joel T. Dennis with a knife under such circumstances as to make Dennis reasonably believe he was in danger of his life, or of serious

[Dennis v. The· State.]

bodily harm, and that he, Dennis, was reasonably free from fault in bringing on such difficulty or danger, and there was no other reasonable mode of escape from such danger, and in that situation he fired the fatal shot, then the jury should acquit the defendant. If the jury have a reasonable doubt about the homicide having been committed in that way and under such circumstances, the jury should acquit." (3.) "The fact, if it be a fact, that after the homicide the defendant put the body of the deceased in the river, this is a circumstance which the jury may consider in connection with the other evidence in the case, and arriving at a conclusion, but the defendant is not indicted for putting the body in the river, and can not be punished for that." (4.) "There is no evidence in this case that Dennis provoked or encouraged a difficulty with Cunningham." (5.) "It is the duty of the jury to consider the evidence tending to show a justifying motive in connection with the other evidence in the case, and if they are in reasonable doubt of his guilt, they should acquit him." (6.) "The defendant is not indicted for putting the body in the river, and he can not be punished for that act." (7.) "In this case, there is no presumption of malice from the use of a deadly weapon." (8.) "The enforcement of the law demands the acquittal of the accused, unless his guilt is shown by that full measure of proof which the law requires. It would be a legal wrong to convict a man whose guilt is in doubt. The demands of society and the good of the country do not require nor sanction the conviction of a man whose guilt is not proven to a moral certainty." (9.) "The defendant is a competent witness in his own behalf, and it is your duty to give it such weight as you think it is entitled, in connection with all the evidence, if any, which tends to corroborate his statement." (10.) "In all cases, and especially in cases depending on circumstantial evidence, an inquiry into the motives actuating the accused is always important, because human experience shows that men do not commit crimes without a motive therefor." (11.) "Where a murder is charged, and the evidence is wholly circumstantial, then it is peculiarly proper to look into the motive, and in all cases you will naturally seek for the motive, and where the proof is circumstantial, and

there be doubt about the circumstances, then it becomes important to examine into the motive." (12.) "The legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence to the benefit of which the defendant is entitled. And where the charge is sought to be proved by circumstantial evidence, the proof must not only be consistent with the guilt of the accused, but inconsistent with any other rational conclusion." (13.) "The court charges the jury that the State is bound to. prove every material fact necessary to constitute the guilt of the defendant fully, clearly, conclusively, satisfactorily, and to a moral certainty; and if on the whole evidence adduced the jury can not say that they have an abiding conviction to a moral certainty of the guilt of the defendant, the jury are bound to give him the benefit of that doubt and acquit him."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, J. E. BROWN and HENRY FITTS, for the State.—There was a sufficient predicate laid for the introduction in evidence as to what was the testimony of the absent witness, Davis. *Burton v. State,* 107 Ala. 72. If there was any error in the admission of this testimony, it was error without injury, as it was shown in the further progress of the trial that said witness was absent in another State. *Lowe v. Sate,* 86 Ala. 47; *Perry v. State,* 87 Ala. 30; *Lowery v. State,* 98 Ala. 45; *Burton v. State,* 107 Ala. 68.

The first and second charges requested by the defendant were erroneous and properly refused, in that they do not sufficiently show that defendant should have been free from fault in bringing on the difficulty. *Crawford v. State,* 112 Ala. 28; *McQueen v. State,* 103 Ala. 17; *Johnson v. State,* 102 Ala. 19.

Charge 5 is clearly argumentative in singling out the evidence as to justifying motive, and giving it a prominence over and above the remaining evidence; and seeks to have the reasonable doubt proposition carry through a mere argument, announcing no legal principle.—*Snider v. Burks,* 84 Ala. 56; *Hussey v. State,* 86 Ala. 34.

[Dennis v. The State.]

Charge 7 was properly refused under the evidence in this case.—*Compton v. State,* 110 Ala. 35; *Hornsby v. State,* 94 Ala. 66; *Hadley v. State,* 55 Ala. 37; *Mitchell v. State,* 60 Ala. 28.

The other charges refused to the defendant were erroneous.—*Cooper v. State,* 88 Ala. 107; *Shelby v. State,* 97 Ala. 87; *Green v. State,* 97 Ala. 59; *Jones v. State,* 79 Ala. 25; *Dennis v. State,* 112 Ala. 68; *White v. State,* 111 Ala. 97; *Ward v. State,* 78 Ala. 447; *Garlick v. State,* 79 Ala. 266; *Crawford v. State,* 112 Ala. 26; *Hurd v. State,* 94 Ala. 101.

COLEMAN, J.—The defendant was convicted of manslaughter in the first degree. During the progress of the trial the defendant reserved an exception to the admission of certain evidence, and also exceptions to the refusal of the court to give certain charges to the jury. We are of opinion that the predicate for the admission of evidence of what an absent witness testified to on a former trial was insufficient, but this error was fully remedied by subsequent testimony.

The first and second charges refused were objectionable, in that they demanded an acquittal if the defendant was *reasonably free* from fault in bringing on the difficulty. Similar charges have been condemned.—*Holmes v. State,* 100 Ala. 84; *Crawford v. State,* 112 Ala. 1, 28, authorities cited.

Charge 3 is argumentative and misleading, if not wholly abstract, and properly refused.

Charge 4 was misleading. It entirely ignores that phase of the evidence which tended to show that deceased was killed while lying in bed unconscious of his danger. We will consider charge 5, refused, later on.

Charge 6 is subject to the same objection as charge 3. In addition, whatever benefit the defendant might have received from the giving of this charge was embodied in charge 12, which was given.

Charge 7 was properly refused. There was evidence that defendant killed deceased while the latter was lying in bed, unconscious of defendant's purpose.

Charge 8 is a mere argument; and there may be some doubt of a man's guilt not amounting to a reasonable doubt.

[Dennis v. The State.]

Charge 9 is objectionable upon several grounds, the chief of which is, that it requires the jury to weigh it. in connection with all the testimony which tends to corroborate it, instead of with all the evidence.

The evidence in the case is not wholly circumstantial. The *corpus delicti* was clearly established, and defendant's confession betrayed the guilty agent. If credited by the jury beyond a reasonable doubt, they alone were sufficient to require a conviction. The circumstances were additional proof of his guilt. Charges 10, 11 and 12 were properly refused on these grounds. besides being infirm in other respects.

Charge 13 was calculated to impress the jury with the belief that they must be satisfied beyond all doubt of the defendant's guilt, before they could convict. In the case of *Torrey v. Burney*, 113 Ala. 496, 504, we had occasion to consider the word "satisfy" when used alone in a charge to the jury, and held that it exacted too high a degree of proof.

We can find no fault in charge number 5, the refusal to give which must reverse the case, unless the judgment is affirmed by virtue of section 4333 of the Criminal Code of 1896, which enacts that "the judgment of conviction must not be reversed, because of error in the record, when the court is satisfied that no injury resulted therefrom." We are of opinion the proper construction of this section of the Code is, that the court must be satisfied that the verdict of the jury would not have been different if the charge had been given. We cannot say in this case, that if charge 5 had been given, the verdict of the jury would have been the same. It asserts a correct proposition of law, and there was reversible error in its refusal.

Reversed and remanded.