# McCoy *v.* The State.

## *Murder.*

(Decided Jan. 18, 1911.   54 South. 428.)

1. *Charge of Court; Weight and Credibility.*—In a criminal case the weight and the credibility of the evidence is a question to be determined by the jury.

2. *Same; Degree.*—Where the indictment charged murder in the 1st degree, a charge asserting that to warrant a conviction, the evidence must satisfy the jury beyond a reasonable doubt of defendant's guilt as charged, was properly refused as pretermitting a con-

[McCoy v. The State.]

viction for a lesser degree of the crime as charged in the indictment.

3. *Same; Circumstantial Evidence.*—Where there was direct evidence in the case which would warrant a conviction, if believed by the jury, a charge asserting that to justify a conviction on circumstantial evidence, it must be inconsistent with any reasonable theory of innocence was properly refused.

4. *Same; Presumption of Innocence.*—Charges asserting that the innocence of defendant must be presumed by the jury until the case against him is proved in all its material circumstances beyond all reasonable doubt in order to find him guilty as charged, and that the evidence must be so strong and cogent and unless it is so strong and cogent as to show his guilt to a moral certainty the jury must find him not guilty, are vague and indefinite and hence, properly refused.

5. *Same; Reasonable Supposition.*—A charge asserting that if there is in the mind of any juror a reasonable supposition of defendant's innocence, the jury should not convict, failed to predicate the duty not to convict on a supposition based on the evidence, and hence, was properly refused.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Mac McCoy was conviced of murder, and appeals. Affirmed.

Defendant was charged with killing one Speigel. There was evidence tending to show that defendant was the man who fired the pistol that killed the deceased, and that there were others with him. The defense was an alibi.

The following charges were refused the defendant: (2) "The court charges you, gentlemen of the jury, that the accused is presumed by the law to be innocent until his guilt of the offense charged against him be proved to the satisfaction of each juror beyond a reasonable doubt." (5) "The court charges the jury that, to justify a conviction of crime on circumstantial evidence, it must be inconsistent with any reasonable theory of innocence." (7) "The court charges you, gentlemen of the jury, that the innocence of the defendant must be presumed by the jury until the case against him is proven in all its material circumstances beyond all reasonable

[McCoy v. The State.]

doubt, to find him guilty as charged. The evidence must be so strong and cogent and unless it is so strong and cogent. as to show his guilt to a moral certainty, the jury must find him not guilty." The eighth charge is set out in the opinion.

GEORGE H. SHREEVE, for appellant. The court erred in refusing charge 2.—*Neilson v. The State,* 40 So. 222. The court erred in refusing charge 5.—*Sanford v. The State,* 143 Ala. 85. Charge 16 should have been given. —*Pickens v. The State,* 115 Ala. 50; *Bowen v. The State,* 140 Ala. 71. The court erred in refusing to give charge 8.—*Sherrill v. The State,* 138 Ala. 8; *Bones v. The State,* 117 Ala. 138; *Yarbrough v. The State,* 105 Ala. 43. Charge 7 should have been given.—*Gilmer v. The State,* 99 Ala. 154; *Gordon v. The State,* 40 So. 848.

ALEXANDER M. GARBER, Attorney General, and PHILLIP H. STERN, Solicitor, for the State. The court properly refused charge 2.—*Williams v. The State,* 161 Ala. 57; *Young v. The State,* 149 Ala. 18; *Smith v. The State,* 141 Ala. 606; *Moore v. The State,* 40 So. 345; *Wilson v. The State,* 140 Ala. 495. Charge 5 was properly refused as inapplicable.—*Cotton's Case,* 87 Ala. 75; *Raynes' Case,* 88 Ala. 91; *Gordon's Case,* 147 Ala. 45; *Cowan's Case,* 136 Ala. 104. Charge 7 was properly refused.—*Bailey's Case,* 53 So. 298. The court properly refused charge 8.—*Yarbrough's Case,* 105 Ala. 58; *Baldwin's Case,* 111 Ala. 15; *Willis v. The State,* 134 Ala. 444; *Miller-Brent L. Co. v. Douglass,* 54 So. 415; *Sherrill's Case,* 138 Ala. 3.

SAYRE, J.—The question for consideration is whether the court erred in refusing separately a number of charges requested by the defendant. In view of the evi-

dence to be found in the record, it is scarcely necessary to discuss the general charge, which the defendant asked. It was properly refused. The weight and credibility of the evidence was a matter for the determination of the jury.

Charge 2 was misleading, and was refused without error. If used in a case where an offense is charged which includes no offense of lower grade, and where in consequence the jury is limited in its finding to the alternative of a conviction as charged or an acquittal, this charge would state a sound proposition of law. In the case at bar the indictment in terms charged murder in the first degree, and in a proper state of the evidence the defendant might have been convicted of any lesser degree of unlawful homicide. In the event of a conviction of murder, the responsibility of fixing the degree rested upon the jury, and of it they could not be relieved by the court, though no circumstance of extenuation was shown. So, then, to overcome the presumption of innocence, and to warrant a verdict of guilt, it was not essential that the evidence should satisfy the jury beyond a reasonable doubt of the defendant's guilt as charged.

Charge 5 is a copy of a charge which this court, in *Pickens v. State,* 115 Ala. 42, 22 South. 551, and *Bowen v. State,* 140 Ala. 65, 37 South, 233, held it was error to refuse. In both of those cases, however, the incriminating evidence was wholly circumstantial. Here the evidence is in part circumstantial; but an eyewitness testified directly to the defendant's presence at, and participation in, the killing of the deceased. In this state of the case, the charge was well refused, because it tended to lead the minds of the jury away from the direct evidence, and to a decision of the issue upon consideration of the strength or weakness of the circum-

stantial evidence alone, whereas there was direct evidence which, if credited by the jury, would have justified a verdict of guilt.—*Dennis v. State,* 118 Ala. 72, 23 South. 1002; *Gordon v. State,* 147 Ala. 42, 41 South. 847.

Charge 7 employs the words in the same sequence of a charge which had approval in *Gilmore v. State,* 99 Ala. 154, 13 South. 536, but with a difference in aspect to punctuation and division into sentences, which, to say the least, impairs the clearness of the idea intended to be expressed. The charge there was approved as proper in the case of an indictment for burglary, and what has been already said of charge 2 may be repeated as applicable to the use of its first clause in the case here. In the recent case of *Bailey v. State,* 168 Ala. 4, 53 South. 296, where burglary and larceny is charged, the same words were used again in the same sequence, but all in one sentence. The charge, as framed, was there criticised and condemned as vague and indefinite in meaning generally, and in particular because it inaptly uses "circumstances" as the equivalent of "elements," meaning, of course, the essential elements of the offense charged.

The defendant requested charge 8, in the following language: "The court charges you, gentlemen of the jury, that if there is in the mind of any juror a reasonable supposition of the defendant's innocence you should not convict the defendant." It is to be observed that the charge fails to predicate the duty not to convict upon a supposition founded upon the evidence. In *Yarbrough v. State,* 105 Ala. 43, 16 South. 758, it was said that "the use of the word 'supposition' in a charge of itself has a tendency to excite an imaginary or speculative inquiry, and is not permissible unless the context shows that it is a 'supposition' or hypothesis, rea-

sonably arising from or suggested by the facts in evidence." In *Johnson v. State,* 102 Ala. 1, 16 South. 99, Stone, C. J., said: "Supposition has no legitimate sphere or habitation in judicial administration." In *Baldwin v. State,* 111 Ala. 11, 20 South. 528, Coleman, J., said: "The use of the word 'supposition' in an instruction to the jury is not to be commended." In *Willis v. State,* 134 Ala. 429, 454, 33 South. 226, 235, Tyson, J., afterwards Chief Justice, condemning a charge, said: "The charge is- of doubtful propriety in the use of the word 'supposition.'" With one exception, to be noted presently, our late decisions have approved this charge only when the supposition of innocence is stated with a context which shows, it to arise out of or to be based upon the evidence.—*Baldwin v. State, supra; Bones v. State,* 117 Ala. 138, 23 South. 138; *Sherrill v. State,* 138 Ala. 3, 35 South. 129. And since the case of *Blackburn v. State,* 86 Ala. 595, 6 South. 96, it has been ruled that the supposition or hypothesis of innocence which requires an acquittal must be reasonable. In *Garrett v. State,* 97 Ala. 18, 14 South. 327, a number of earlier cases, which had omitted this consideration, were modified—in effect, overruled. In the recent case of *Griffin v. State,* 150 Ala. 49, 43 South. 197, three separate charges, dealing with the proposition under consideration, were refused to the defendant in the trial court. Two of them stated the proposition with the late decisions to which we have referred. One of them, numbered 3, stated the proposition substantially as it is stated in charge 8 in the case at hand. Considering them as a group, it was said that these charges had been approved by this court, and their refusal was unwarranted. We think it clear, in view of this manner of treatment, that attention was not called to the distinction to be taken between the charges, and that there was

[Bell v. The State.]

no purpose on the part of the court to abandon previous rulings. We therefore hold that there was no error in refusing charge 8.

There is no error in the record, and the judgment and sentence must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.