154 So. 527

### SPENCER v. STATE.
### 5 Div. 166.

Supreme Court of Alabama.
April 26, 1934.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

Watkins C. Johnston, of Tuskegee, for appellant.

KNIGHT, Justice.

The appellant was indicted by a grand jury of Macon county for the offense of murder in the first degree. Upon his trial, he was convicted by a jury duly impaneled and sworn of murder in the first degree, and his punishment fixed by the jury at death, and upon this verdict, he was duly sentenced to death. From the judgment and sentence the appellant prosecutes this appeal.

■ The record proper shows indictment in proper form, due arraignment of defendant, order setting a day for the trial of the cause, the drawing of a special venire for the trial, and service, as the law directs, of a copy of the indictment and a list of the jurors drawn for the trial of the defendant. It thus appears that there are no errors apparent upon the record proper. And, we may add, that counsel appearing here for appellant have not suggested any error in the proceedings appearing upon the record proper.

■■ The evidence shows without conflict that W. A. Reynolds was a night policeman of the city of Tuskegee, Ala., during the month of February, 1933, and that on the night of February 22, 1933, or at an early morning hour of February 23d, he received a pistol shot wound, from which he died.

The testimony further tended to show that the defendant, in company with two other men, came to Tuskegee on the night of the shooting, driving a Ford car. The defendant and his companions were strangers in the place, and after the shooting the defendant's companions made their escape; but the defendant, who was shot at the time the policeman received his pistol wound, was unsuccessful in his efforts to escape, and was captured some little distance from the scene of the shooting.

After his arrest, and while in jail, the defendant made a full confession of his part in the shooting, admitting that he was the man who killed Mr. Reynolds, and that their purpose was to "tie the officer up and rob the jewelry store and probably a dry-goods store."

It is here insisted that the evidence in the case was insufficient to establish the corpus delicti.

There is no merit in the contention. The evidence fully established the death of Mr. Reynolds, that he died as a result of a pistol shot wound, and that the shooting was unlawful. The confession of the defendant aside, there was ample evidence in the case to require its submission to the jury on the question of defendant's guilt.

■ Charges 2 and 3 were properly refused, as proof of the defendant's guilt was not dependent wholly upon circumstantial evidence. There was in the case direct and positive testimony of the defendant's participation in the crime.

If it be conceded that these charges were free from other objections, they were properly refused under the evidence developed in the case. McCoy v. State, 170 Ala. 10, 54 So. 428; Hall v. State, 130 Ala. 45, 30 So. 422; Hannigan v. State, 131 Ala. 29, 31 So. 89; Dennis v. State, 118 Ala. 72, 23 So. 1002; Green v. State, 97 Ala. 59, 12 So. 416, 15 So. 242. Besides, charge 2 entirely ignored the tendency of the evidence going to show a conspiracy on the part of defendant and his associates to commit a felony, and that the killing of the deceased was done either by defendant or one of his associates in consummation of the common unlawful purpose. Jones v. State, 174 Ala. 53, 57 So. 31; Morris v. State, 146 Ala. 66, 41 So. 274.

■ Charge 4 was refused to defendant without error. This charge is not hypothesized upon a reasonable probability that some other person may have done the killing, and, like charge 2, ignores the tendency of the evidence going to establish a conspiracy. Goocher v. State, 227 Ala. 337, 149 So. 830; Pitman v. State, 148 Ala. 612, 42 So. 993; Jones v. State, supra.

■ Charge 5, requested by the defendant, was not only abstract, but predicated a doubt sufficient to acquit the defendant upon evidence of the alibi alone, without regard to the other evidence in the case. Non constat, upon consideration of the whole evidence, the jury might not have entertained a reasonable doubt of the defendant's guilt.

■ The whole evidence should be considered and weighed; and if, after considering it all, including the alibi evidence, the jury have a reasonable doubt of the defendant's guilt, arising out of any part of the evidence, they should acquit. Johnson v. State, 223 Ala. 332, 135 So. 592; Prince v. State, 100 Ala. 144, 14 So. 409, 46 Am. St. Rep. 28; Hatch v. State, 144 Ala. 50, 40 So. 113.

Charge 5, if for no other reason, was prop-

540

erly refused, for its failure to require a consideration of all the evidence in determining the guilt of the defendant.

■ It is here insisted for error that the trial court failed to charge the jury upon the different degrees of murder. The record fails to show that the defendant either called this omission to the attention of the court before the jury retired to consider their verdict, or that an exception was reserved to the charge of the court in this respect. In this state of the record this court is firmly committed to the proposition that it will not reverse a judgment of conviction for the failure of the trial court to instruct the jury upon the different degrees of criminal homicide, in the absence of a duly reserved exception.

Not having seasonably reserved an exception to the court's oral instruction to the jury for its failure to charge upon the different degrees of homicide, the appellant does not present for review, on this appeal, the action of the court in failing to instruct upon the different degrees of murder. McPherson v. State, 198 Ala. 5, 73 So. 387; Peterson v. State, 227 Ala. 361, 150 So. 156; Tucker v. State, 202 Ala. 5, 79 So. 303; Ex parte State ex rel. Smith, 204 Ala. 389, 85 So. 785.

■ It is also insisted that the trial court, in other portions of its oral charge, invaded the province of the jury, by instructing upon the effect of the evidence. Suffice it to say that the bill of exceptions discloses no exception to such action of the court, and, therefore, this court, under our uniform ruling, will not review the oral charge of the trial court in the absence of appropriate exceptions. Authorities, supra.

We have carefully read and considered the evidence offered by the state and defendant upon the trial of this cause, and we are at the conclusion that the defendant was accorded a fair trial; that the evidence abundantly supports the verdict of the jury; and that the trial court committed no error in overruling defendant's motion for a new trial.

Finding no reversible error in the record, it follows that the judgment of the court below will be, and is, here affirmed.

And it appearing to the court that the day fixed by the trial court for the execution of the death sentence pronounced upon the defendant has passed, it is ordered by this court that Friday, the 22d day of June, 1934, be, and it is, hereby fixed and set for the execution of the sentence of death heretofore passed upon him by the circuit court of Macon county, Ala.

Affirmed.

All the Justices concur.