47 So.2d 200

### CAWTHON v. STATE.

4 Div. 584.

Supreme Court of Alabama.

June 22, 1950.

Lawrence T. Oakley, of Dothan, for appellant.

A. A. Carmichael, Atty. Gen.; and Jas. L. Screws, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The appeal is from a conviction of murder in the second degree and a sentence of 65 years' imprisonment for the killing of Audrey Mae Branch by stabbing her with a knife.

This is typically one of those cases peculiarly for the decision of the jury and there is really not much to be said. Few exceptions, none meritorious, were reserved pending trial and the principal argument for reversal is the refusal of several written charges requested by the defendant, which we will hereafter treat of. The evidence for the State established every material element of the offense for which accused was convicted and, if credited, warranted the verdict returned.

The tendency of the State's evidence was that the defendant and deceased were on the outside of a beer joint in Houston County and that he had "grabbed" her in the collar; that she disengaged herself from his grip and fled, but that he ran her down, stabbed her in the left breast with his knife, and she expired on the spot. His defense was that they were sweethearts and it was she who had the knife and that they were merely playing and in the course of this play she fell upon it and accidentally stabbed herself. There was also evidence of some expressed ill will on his part toward her and, shortly before the killing he told her that "he was mad and she knew what it's about." There was also some evidence of flight after the fatal incident.

■ Manifestly the argument that the motion for new trial on the ground that the great weight of the evidence was against the verdict is untenable.

■ Argument for a reversal is principally rested on alleged error in the refusal to give certain special written charges requested by the defendant. On a careful review, it must be concluded that this argument is likewise untenable, since such refused charges, if correct statements of the law, were either sufficiently covered in the oral charge of the court or in other written charges. Code 1940, Title 7, § 273; 6 Ala.Digest, Crim.Law, ☞829(1).

Without considering the correctness, vel non, of the refused charges, upon which the argument for reversal is made, we will deal with them briefly.

■ Charge 17 was sufficiently covered by Charges 16, 29, and the oral charge of the court. Charges 33 and 36 were substantially covered by the oral charge of the court. Charge 30 was amply covered by given charges 20 and 28, in connection with the oral charge of the court. Charges 19 and 32, seeking to expound the law with reference to convictions on circumstantial evidence, were properly refused since the conviction was rested on direct evidence, and could be denounced as misleading. Spencer v. State, 228 Ala. 537, 154 So. 527; McCoy v. State, 170 Ala. 10, 54 So. 428.

■ Some of the foregoing charges also could have been well refused as failing to properly hypothesize a finding on the evidence.

The judgment is due to be affirmed and it is so ordered.

Affirmed.

FOSTER, LIVINGSTON and STAKELY, JJ., concur.