88 So.2d 206

**Melvin JACKSON**

v.

**STATE.**

**4 Div. 817.**

Supreme Court of Alabama.

Feb. 2, 1956.

Rehearing Denied June 21, 1956.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

V. Cecil Curtis and Roy L. Smith, Phenix City, for appellant.

MERRILL, Justice.

Appellant was tried in the Circuit Court of Russell County under an indictment charging the offense of rape. He entered a plea of not guilty and not guilty by reason of insanity; he was found guilty as charged and sentenced to death in the electric chair. This appeal is prosecuted under the automatic appeal statute. Code 1940, Title 15, Sec. 382(1) et seq.

The record shows that all the legal requirements appertaining to a capital case were properly met, leaving for our consideration only the questions of sufficiency of the evidence, charges, rulings

on evidence, and the ruling on motion for a new trial.

The defendant, a Negro boy 17 years and 11 months old, had escaped from the city jail in Phenix City. Early the next morning, September 3, 1954, he entered the rural home of a Mr. and Mrs. Clark, with whom prosecutrix and her two year old son lived. Mr. and Mrs. Clark were not at home at the time. The defendant went into an unoccupied bedroom, put on a ladies short sleeve dress, rolled up his trousers, tied a handkerchief around his face, put on a straw hat, picked up a shotgun, walked into the bedroom where the prosecutrix and her little boy were sleeping and told her to get up.

The prosecutrix testified that when she awoke and saw him standing at the foot of the bed she asked what he wanted and his answer was "you know what I want". Her little son began to scream and she was ordered to get up out of bed and fix the child some breakfast. The defendant found a rifle in the house and exchanged the shotgun for it. After a time of begging on her part, he threatened to kill both her and the baby if she did not submit. She tried to get him to desist on the ground that her menstrual period was on, a fact, but he proceeded to rape her. He then left the house, returned for some extra cartridges and left again with the rifle and prosecutrix' billfold. He discarded the dress, the hat, and a cold drink bottle about 100 yards from the house.

He was apprehended six days later at a movie house in Columbus, Georgia, being identified to the officers by his father. He made two voluntary confessions—one oral and one written; each full and complete. He led the officers to a briar patch where he had hidden the rifle after he left the house.

The prosecutrix identified the defendant; the evidence was undisputed that he raped her; it was undisputed that the confessions were voluntary and the only possible conflict in the testimony was on the question of his sanity and that evidence fell far short of the burden imposed, because all the evidence on that subject was that he some-

times acted a little funny or peculiar. His father so testified but also swore that in his judgment, the defendant knew right from wrong. The defendant did not take the stand.

The undisputed evidence was ample to support the verdict of the jury. We have carefully read the record and there is no reversible error in any of the court's rulings on the evidence.

Defendant's argument in brief is directed principally to the refusal of the court to give requested written charges 1, 2, 3, 4, 5, 6, 7, 8 and 10.

Charge 10 was not predicated on a belief from the evidence and was properly refused. Willingham v. State, 262 Ala. 550, 80 So.2d 280.

Charges 8 and 5 were held bad in Odom v. State, 253 Ala. 571, 46 So.2d 1 (charges 1 and 2).

Charge 4 is not applicable to the facts in this case and was properly refused.

Charges 1, 2, 6 and 7 are "burden of proof" charges. They could well have been given and it would seem that the trial court would have given them out of the abundance of precaution. Charge 1 was upheld in Neilson v. State, 146 Ala. 683, 40 So. 221 (charge M). Charge 2 was upheld in Davis v. State, 8 Ala.App. 147, 62 So. 1027 (charge 28) and charge 7 was upheld in Diamond v. State, 15 Ala.App. 33, 72 So. 558 (charge 7).

Title 7, Sec. 273, Code 1940 provides in part as follows:

"* * * The refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties. * * *"

After a careful consideration of these charges in connection with the oral charge, we are convinced that they were

fairly and substantially covered in the court's general oral charge, and their refusal will not effect a reversal of the cause, even though some of the charges correctly stated the applicable law and could well have been given. Odom v. State, 253 Ala. 571, 46 So.2d 1; Woodard v. State, 253 Ala. 259, 44 So.2d 241; Helms v. State, 254 Ala. 14, 47 So.2d 276; Cawthon v. State, 254 Ala. 35, 47 So.2d 200.

■ Charge 3 is as follows:

"I charge you that the evidence in this case is partially circumstantial, and before you would be authorized to convict the defendant, the evidence must be so cogent as to exclude every reasonable hypothesis except that of guilt, and if you are not so convinced, then you should acquit him".

This charge was held good in Wiggins v. State, 25 Ala.App. 192, 143 So. 188. But in that case, one of the elements necessary to prove the defendant's guilt was based on circumstantial evidence "to an extent". But here every necessary element was proven by direct evidence, and we might add, though not necessary, it was undisputed. In McCoy v. State, 170 Ala. 10, 54 So. 428, 429, this court said:

"In both of those cases, however, the incriminating evidence was wholly circumstantial. Here the evidence is in part circumstantial; but an eyewitness testified directly to the defendant's presence at, and participation in, the killing of the deceased. In this state of the case, the charge was well refused, because it tended to lead the minds of the jury away from the direct evidence, and to a decision of the issue upon consideration of the strength or weakness of the circumstantial evidence alone, whereas there was direct evidence which, if credited by the jury, would have justified a verdict of guilt".

The charge was properly refused. Moreover, it could have been refused on the ground that where the corpus delicti is clearly established, and the defendant's confessions, if believed, would alone be sufficient to require a conviction, and the circumstances adduced were merely additional proof of his guilt, requested instructions on circumstantial evidence are properly refused. In Dennis v. State, 118 Ala. 72, 23 So. 1002, 1004, it was said:

"The evidence in the case is not wholly circumstantial. The *corpus delicti* was clearly established, and defendant's confession betrayed the guilty agent. If credited by the jury beyond a reasonable doubt, they alone were sufficient to require a conviction. The circumstances were additional proof of his guilt".

The two voluntary confessions of the defendant here were whole and complete confessions, evidence of which was introduced after proof of the corpus delicti. The circumstantial evidence in this case was merely cumulative.

■ Appellant further contends that the trial court erred in overruling his motion to charge the jury in writing. This has not been a legal requirement since the adoption of the Code of 1923. Jones v. State, 260 Ala. 341, 70 So.2d 629, 633.

The motion for a new trial raised the questions we have here considered and was properly overruled

■ As we said in Jones v. State, supra:

"In accordance with our duty in cases of this character, we have examined the record for any reversible error, whether pressed upon our attention or not. We have dealt with all questions calling for treatment. We find no reversible error in the record and the cause is due to be and is affirmed".

Affirmed.

All the Justices concur.