90 So.2d 221

Eugene Gwin WALKER

v.

The STATE of Alabama.

6 Div. 998.

Supreme Court of Alabama.

Sept. 6, 1956.

Rehearing Denied Nov. 15, 1956.

**234**

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for the State.

Harold T. Ackerman, Birmingham, for appellant.

SIMPSON, Justice.

This is an appeal from the Circuit Court of the Tenth Judicial Circuit of Alabama.

The defendant was indicted for murder in the first degree. The jury returned a verdict of guilty of murder in the second degree and fixed his punishment at 99 years in the penitentiary.

The defendant did not seasonably file a brief in this Court, but that is not essential to our consideration of an appeal in a criminal case. Johnson v. State, 257 Ala. 644, 60 So.2d 818; Hymes v. State, 209 Ala. 91, 95 So. 383.

It has been said that § 389, Tit. 15, Code of 1940, when construed *in pari materia* with others, makes the right of appeal in criminal cases one of substance, imposing upon the Court a duty to search the record for errors. Wesson v. State, 238 Ala. 399, 191 So. 249; Payne v. State, 261 Ala. 397, 74 So.2d 630.

Consonant with this rule, we have carefully examined the record and searched it for errors prejudicial to the defendant. We find none.

■■■ At the close of the State's case the defendant made a motion to exclude the State's evidence. This practice has been approved in criminal trials. Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Monk v. State, 258 Ala. 603, 64 So.2d 588. But we are of the opinion that the evidence was sufficient to warrant the overruling of the motion.

The defendant's motion for a new trial also brings before us the question of the sufficiency of the evidence to sustain the verdict of the jury. The record discloses: After his arrest the defendant made a confession. But prior to the introduction of the confession there was sufficient circumstantial evidence to establish the corpus delicti. The evidence showed that the defendant and the deceased, John H. Bailey, were stopped and identified by a policeman in Chattanooga, Tennessee, about midnight on the night of May 17–18, 1955. At this time the parties were in the 1948 blue Pontiac of the deceased. The next day, May 18, 1955, the body of John H. Bailey was found on the grounds of Mt. Nebo Church near Trussville, Jefferson County, Alabama, with a bullet hole through his head. There were tire tracks on the grounds and evidence that the body had been dragged through the weeds to the place where it was found. A bloody jacket and a .45 caliber empty shell were found near the body. On the same day, May 18, 1955, just at or near midnight, the defendant was arrested near Montevallo, Alabama, in the deceased's 1948 blue Pontiac. He had told friends and relatives that it was his automobile. An examination of the automobile disclosed blood in the back seat and a .45 caliber bullet imbedded in the back floorboard. One witness testified that she saw a pistol in the 1948 blue Pontiac which was in the possession of the defendant. A merchant in Montevallo testified that he sold the defendant several .45 caliber cartridges in the morning on the day of his arrest.

■■■ Circumstantial evidence may afford satisfactory proof of the corpus delicti and where the circumstantial evidence presented reasonably infers that a crime has been committed, a voluntary confession may be introduced into evidence. Snead v. State, 251 Ala. 624, 38 So.2d 576; Hines v. State, 260 Ala. 668, 72 So.2d 296; Johnson v. State, 247 Ala. 271, 24 So.2d 17. The confession in the instant case was shown to have been given voluntarily and without threat of punishment or hope of reward, and was therefore properly admitted.

The defendant, in his confession, stated that he met the deceased in a bar in Chattanooga, Tennessee, on the night of May 17, 1955, and that the deceased agreed to drive him to Birmingham, Alabama. He stated that on the way to Birmingham the two stopped and got into a fight at Mt. Nebo Church near Trussville, Alabama, in Jefferson County, and that he shot the deceased with a .45 caliber pistol while they were fighting in the automobile.

■■■ The defendant took the stand and testified to essentially the same as his confession with the exception that on the stand he said that he shot Mr. Bailey in Tennessee instead of Alabama. On this conflict in the evidence the trial judge properly instructed the jury that in order for the court to have jurisdiction of the case it was necessary for the jury to believe from the evidence that the crime was committed, if committed, in Jefferson County, Alabama.

■■■ After a careful examination of the evidence, we entertain the view that it was sufficient to take the case to the jury and the verdict was sustained by the evidence.

■■■ Nor did the trial court err in refusing to grant the defendant's motion for continuance on the ground of insufficient time where the court appointed attorney had ten days in which to prepare the case before trial. The granting of a continuance in a criminal case is in the trial court's

discretion and is to be disturbed only in event of a clear abuse. We find no such abuse here. Logan v. State, 251 Ala. 441, 37 So.2d 753; 6A Alabama Digest, Criminal Law, ☞ 586.

 Likewise, the trial court did not err in refusing to give the general affirmative charge for the defendant. As appears above, the evidence was in conflict as to where the homicide occurred, and where the evidence is in conflict, the general charge requested by the defendant is properly refused. 6A Alabama Digest, Criminal Law, ☞753(1).

■ Without considering the correctness, vel non, of the refused charges requested by the defendant, we will deal with them briefly. Charges 4, 5, 7 and 20 did not properly hypothesize a finding on the evidence and were properly refused. Charges 3 and 16, seeking to expound the law with reference to circumstantial evidence, were properly refused since the conviction was rested on direct evidence. Cawthon v. State, 254 Ala. 35, 47 So.2d 200; Jackson v. State, 264 Ala. 528, 88 So. 2d 206.

■ The defendant's other requested charges, if they were correct statements of the law, were substantially covered by the court's oral charge or given charges.

■ We are unwilling to pronounce error in the admission in evidence of the photographs. The pertinent rule was stated by the court in McKee v. State, 253 Ala. 235, 44 So.2d 781, and restated in Hines v. State, 260 Ala. 668, 72 So.2d 296.

■ Nor did the trial court err in admitting the bloody jacket in the absence of a timely objection by the defendant. The record shows that the defendant's objection to the admission of the jacket came: (1) After a witness had answered several questions about the jacket; (2) after the defendant had cross-examined the witness on the jacket; (3) after the jacket had been exhibited to the jury; and (4) after the trial judge had admitted the jacket in evidence. The trial judge remarked to the defendant that his objection came late. We are of the same opinion. An objection to evidence must be made when the evidence is offered. 6A Alabama Digest, Criminal Law, ☞ 693.

The Court, consistent with its duty, has carefully considered the entire record and finds no error to reverse.

Affirmed.

GOODWYN, MERRILL and SPANN, JJ., concur.