SAM TAYLOR, Judge.
Corporal Andrews of the Opelika Police Department was functioning as an undercover narcotics agent on December 15, 1982. He met with appellant, Bruce Irvin Gilliam, who proposed to set up a purchase of marijuana by Officer Andrews from a third party. The price was to be $1,350 and appellant was to receive $100 for brokering the transaction. They proceeded to the Wire Road exit of Interstate 85. Andrews handed the appellant $1,350, which he handed over to two people for a brown paper bag containing marijuana. Andrews and the appellant returned to Opelika in separate vehicles and stopped at Andrews’s trailer. Appellant Gilliam then got the bag of marijuana out of the officer’s truck and carried it into the trailer, where he weighed it. Officer Andrews then paid appellant the $100.
The Lee County grand jury indicted appellant under Code of Alabama 1975, Section 20-2-80(l)(a), for trafficking in cannabis. This section, in pertinent portions, reads as follows:
“(1) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony, which felony shall be known as ‘trafficking in cannabis.’ If the quantity of cannabis involved:
“(a) Is in excess of one kilo or 2.2 pounds, but less than 2,000 pounds, such person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $25,000.00.”
The indictment read in pertinent part: “... Bruce Irvin Gilliam, alias, whose true Christian name is otherwise unknown to the Grand Jury, did on, to-wit: December 15, 1982, knowingly and unlawfully possess Cannabis in an amount in excess of 2.2 pounds, but less than 2,000 pounds, in violation of § 20-2-80(l)(a) of the Code of Alabama.”
I
Appellant contends that the court should have granted his motion for change of venue since the marijuana was obtained *1211 in Macon County, not Lee County. Both the state and appellant agreed that the possession of appellant was limited to appellant’s approaching the Officer’s truck, picking up the bag containing the marijuana, carrying it into the officer’s trailer, and weighing it on a set of triple beam scales. Is this sufficient possession? We find that it is. In Robinson v. State, 428 So.2d 148 (Ala.Cr.App.1982), this court approved the following portion of the trial court’s oral charge:
“The possession prohibited includes any possession by physical dominion of however brief duration.”
This proof of actual possession in Lee County was sufficient to support the jury’s verdict. Under a theory of constructive possession, these facts would support a finding that the appellant had actual or potential control over the substance and intent to exercise dominion over it, and an external manifestation of such intent and control. It is unquestioned that appellant had knowledge of the presence of the marijuana. We find the court did not err in denying the motion for change in venue.
II
Neither did the court err in denying the motion to exclude the state’s evidence and appellant’s motion for new trial, both founded on a claim of insufficient evidence. The evidence recited above presented a sufficient case to submit to the jury on trafficking in cannabis by possession of a quantity in excess of a kilo as charged in the indictment.
This case is affirmed.
AFFIRMED.